[MONROE GENERAL TERM, December 5, 1864. *J. C. Smith, Welles* and *E. Darwin Smith,* Justices.]

BUTLER *vs.* VIELE.

One who purchases mortgaged premises from the purchaser at a foreclosure sale acquires, by his deed, the title which the mortgagor had before giving the mortgage.

Where one purchases with actual notice of a prior unregistered mortgage upon the premises, the registry of his deed will be of no avail, against such notice.

One who has the superior legal title, by deed from the purchaser at a mortgage sale, and who is in possession, no attempt having been made to disturb him, can not maintain an action to set aside a deed executed by the mortgagee, and to have the same declared void, on the ground that the grantor was induced to execute it by fraud on the part of the grantee.

In such an action, a general allegation in the complaint, that the grantee procured the deed by "false and fraudulent representations and practices, and by undue and improper influences," is insufficient, without stating the nature of the alleged representations, &c.

The burden of *charging*, as well as proving, fraud is on the party alleging it; and while it is not necessary or proper that he should spread out, in his pleading, the *evidence* on which he relies, he must aver, fully and explicitly, the *facts* constituting the alleged fraud. Mere conclusions will not avail.

Butler *v.* Viele.

APPEAL from a judgment entered upon the report of a referee. The action was brought to set aside and have declared void a deed, executed by Susan C. Matthews to Stephen S. Viele, conveying certain premises therein described, situated in Yates county. In September, 1859, the said Susan C. Matthews was the owner of the premises in question, and conveyed them to one Julia A. Card, and at the same time took back from the said Julia A. a mortgage upon the same premises, conditioned to pay $800 in one year from date. This mortgage was never recorded. The said Susan C. Matthews was in the actual possession of the premises at the time of the execution of these conveyances, and continued to occupy them at the trial of this action; the said Julia A. Card occupying them with her, for about a year. In the spring of 1860 they had a quarrel, and Julia A. Card left the premises, leaving Mrs. Matthews in possession of the entire premises. After Mrs. Card left, and about the 18th of May, 1860, Mrs. Matthews conveyed the premises to Stephen S. Viele, by a deed ante-dated some two months. In the spring of 1861 Mrs. Matthews commenced an action to foreclose the mortgage so given to her by Julia A. Card, and proceeded to a decree and sale, and the premises were bid off by Mr. Judd, one of the plaintiff's attorneys, in the action, and he afterwards conveyed the same to the present plaintiff by a quit-claim deed. Prior to the commencement of this action Viele died, leaving the present defendant his sole legatee and devisee. The referee found, as conclusions of law from the facts and the testimony produced, 1st. That the deed from Mrs. Matthews to Viele was not procured by false and fraudulent representations and practices, nor by any undue and improper influences. But that such deed was received by him for the purpose of aiding and helping the grantor to keep the premises. And that it became and was his duty, and the duty of the defendant who represents him to, do so. 2d. That so far as the plaintiff was concerned he was not in a position to have the said deed

set aside or canceled.   3d. That the plaintiff was not enti-
tled to maintain this action.   And judgment was ordered for
the defendant, with costs.

*Judd & Brown,* for the appellant.

*S. H. Welles,* for the respondent.

*By the Court,* JAMES C. SMITH, J.   It seems to me very
clear, upon the plaintiff's own showing, that he is not en-
titled to the relief sought by this action.   The most favorable
light in which his claims can be considered is to regard him
as a purchaser for value and in good faith, without notice of
the deed to Viele.   Thus regarded, he acquired by his deed
from Mr. Judd, the purchaser at the foreclosure sale, the title
which Mrs. Card, the mortgagor, had before she gave the
mortgage.   (*Smith* v. *Gardner,* 42 *Barb.* 366, 367, *and
authorities cited by Daniels, J.*)   The title of Mrs. Card was
superior to that subsequently acquired by Viele ; for although
her mortgage was unrecorded, the plaintiff proves, without
dispute, that Viele purchased with actual notice of the mort-
gage.   Against this notice, the registry of his deed was of no
avail.   (9 *John,* 163.   2 *John. Ch.* 603.   6 *Wend,* 213.)
As the defendant claims under Viele, the plaintiff clearly has
the superior legal title.   Besides, he is in possession, and it
does not appear that the defendant has attempted to disturb
him.   If she should bring an action to recover the possession
the facts shown by him would constitute a complete defense
at law.   Under these circumstances, it is obvious that the
plaintiff has not been damnified.   It seems equally obvious
that it is not a case in which he can call for the interposition
of a court of equity, *quia timet.*   The superiority of his legal
title can admit of no doubt.   But however that may be, it is
enough to say that his complaint does not ask for relief on
that ground.   The *gist* of the cause of action alleged in the
complaint, and which the palintiff's counsel claims the evi-

Butler *v.* Viele.

dence establishes, is that the deed from Mrs. Matthews to Viele is void for fraud on the part of the grantee, and that the plaintiff has succeeded to the title of Mrs. Matthews, and to her rights in respect to the land; in other words, that as the assignee of Mrs. Matthews he may maintain an action to cancel the deed, on the ground that she was induced to execute it by fraud on the part of the grantee. In this view of the case, he is met at the outset by the difficulty that no fraud in *fact* is alleged or proved. The general allegation in the complaint, that the grantee procured the deed by "false and fraudulent representations and practices, and by undue and improper influences," is insufficient, without stating the nature of the alleged representations and practices or influences. The burden of *charging* as well as proving fraud is on the party alleging it; and while it is not necessary or proper that he should spread out in his pleading the *evidence* on which he relies, he must aver, fully and explicitly, the *facts* constituting the alleged fraud; mere conclusions will not avail. Not only does the complaint fail to allege actual fraud, but the referee has not found it, and none is proved. The plaintiff relies, however, upon having shown constructive fraud, in view of the relation of client and counsel which existed between the parties to the deed. This, the parties seem to concede, is a question of law, and the referee has so treated it, and has found as a conclusion of law that the deed was not procured fraudulently or unduly, but was received by Mr. Viele for the purpose of aiding and helping Mrs. Matthews to keep the premises. This he was to do by executing a mortgage thereon to her, to secure the price he agreed to pay therefor, which was $800. This conclusion, I think, is correct, and if Mrs. Matthews has any remedy it is by enforcing a specific performance of the agreement to execute a mortgage.

There is another consideration which in this case is fatal to the plaintiff's motion. If the plaintiff stands in the place of Mrs. Card, the original mortgagee, having a title superior to that of Viele, it is obviously immaterial to him whether

or not Viele practiced a fraud on Mrs. Matthews, in procuring the deed, or whether or not he has performed his agreement with her, to execute a mortgage. But if, as he now claims, he is the assignee of Mrs. Matthews in respect to the right of action against Viele, I think Mrs. Matthews is not a competent witness in his behalf, to testify to the transaction between herself and Viele personally respecting the execution of the deed ; and the objection to that effect, taken by the defendant, before the referee, should have been sustained. (*Code,* § 399.) If that evidence were stricken out, there would be none remaining, tending to establish even a constructive fraud ; and as the case now appears, the plaintiff would fail for that reason, upon his own theory of the action.

The judgment should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, December 5, 1864. *E. Darwin Smith, J. C. Smith,* and *Johnson,* Justices,]