ALFRED A. LISCOMB, APPELLANT, *v.* SARAH K. AGATE, AS EXECUTRIX, AND OTHERS, AS EXECUTORS, ETC., OF FREDERICK K. AGATE, DECEASED, RESPONDENTS.

*Account stated — how questioned — waiver of an omission in a pleading to surcharge or falsify an account — evidence — book of account.*

The rule of pleading, that a party who seeks to open an account, stated or settled, must surcharge the account or falsify it, or both, may be waived by the parties; and if the party against whom evidence is offered for the purpose of questioning the account does not object to the testimony, upon the ground that it is unauthorized by the pleading, the point is waived.

In an action for services and money expended the defendant set up as a counterclaim a claim for moneys withheld by the plaintiff, and the reply did not plead a settlement or account stated, and at the trial no objection was taken by the plaintiff to evidence as to the state of the accounts between the parties, upon the ground that an account had been stated or settled which could not be opened unless surcharged or falsified by proper averments in the answer:

*Held,* that the question could not be raised for the first time on appeal.

When the evidence shows that an account stated is fraudulent, the account may be inquired into though not surcharged or falsified in the pleading of the party questioning it.

A partner in a firm testified that he had superintended work done by the firm for one Liscomb, and that McCowen, the witness' copartner, kept the firm books:

*Held,* that the question: "Did you give to McCowen a correct statement of your transactions with Mr. Liscomb, as they took place, for entry into the ledger?" was not objectionable as calling for an opinion of the witness.

The witness having answered the above question in the affirmative, and McGowen, who kept the books, having previously testified that he made all the entries in Liscomb's account; that he knew that the work represented by the entries had been done; that the charges were correct of his own knowledge, and that he could not state the items from memory, but could by refreshing his recollection by the book:

*Held,* that the book in which Liscomb's account was entered was properly admitted in evidence.

APPEAL by the plaintiff, Alfred A. Liscomb, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 24th day of October, 1891, on the report of a referee in favor of the defendants; also from the order confirming the referee's report.

This action was begun May 11, 1888, for the recovery: (1.) For services as an agent in care of an apartment-house during March

and April, 1888, at the agreed price of $432.32. (2.) For $448.60, money expended in caring for an apartment-house in March and April, 1888. (3.) For $10,000 damages for the alleged wrongful discharge of plaintiff by defendants from their service on May 1, 1888, two years before the end of the term for which he had engaged.

The defendants by their answer admitted that plaintiff's salary for March and April, 1888, had not been paid, but denied any knowledge in respect to the expenditures claimed. They admitted that they discharged the plaintiff on the 1st of May, 1888, and alleged that it was for a sufficient cause. They also alleged, by way of counter-claim, that the plaintiff was indebted to them in the sum of $200 for rent of rooms for March and April, 1888; that he had retained, unaccounted for, large sums collected from the tenants of the apartment-house, and had wrongly received commissions upon the purchase of supplies for the house in a considerable sum. The referee found that the defendants were indebted to the plaintiff for the sums claimed for wages and moneys expended, which, with interest added, amounted to $1,064.95, and that the plaintiff was discharged for a sufficient cause. He also found that the plaintiff had wrongfully received fifty-one dollars and eighty cents commissions received by him from persons from whom he had purchased supplies for the house; that he was indebted in the sum of $241.76 for the rent of rooms for March and April, 1888, and that he was indebted for rents collected, and not paid over, in the sum of $1,544.78, which items aggregate $1,848.34, from which $1,064.95 was deducted, and a judgment given for the defendants for $773.39.

*Benjamin N. Cardozo*, for the appellant.

*George C. Holt*, for the respondents.

Follett, J.:

But three errors are urged as grounds for a reversal of the judgment. (1.) That the referee erroneously disallowed the plaintiff $800, paid by him on account of rents collected. (2.) The referee erred in permitting the witness Law to answer a question which was objected to by the plaintiff. (3.) The referee erred in receiving in evidence the account book of John Law & Co.

The payment of the disputed item of $800 by plaintiff's check

dated April 28, 1887, is conceded by the litigants, and the only question in respect to it is whether it was paid on account of rents collected in March or April, 1887, or on account of rents previously collected.

Upon this question the referee found with the defendants, and, we think, upon sufficient evidence. The learned counsel for the plaintiffs now insists that this item, having been charged by the plaintiff against rents received after April, 1887, in an account rendered by him to the defendants, that it became part of an account stated and could not be questioned, because the defendants did not, in their answer, specifically allege that it was erroneously charged against the March and April rents. An account stated is the equivalent of an account settled. (*Stenton* v. *Jerome*, 54 N. Y., 480; *Trueman* v. *Hurst*, 1 T. R., 40.) It is a rule of pleading that he who seeks to open an account, stated or settled, must surcharge or falsify, or both. That is, if some item is charged that is erroneous, it must be specifically pointed out, which is a falsification. If some item is omitted it must be averred, which is to surcharge the account. (Story's Eq. Juris., § 525; 1 Dan. Ch. P. & P. [3d Am. ed.], 692.) But this rule of pleading may be waived by the parties, and if the litigant against whom the evidence is offered does not object to the testimony upon the ground that it is unauthorized by the pleading, the point is waived. In this case, the defendants did not claim on an account stated, but for moneys wrongfully withheld by the plaintiff, which was set up as a counter-claim. The plaintiff, in his reply, contented himself with a general denial, and did not plead a settlement or account stated, nor was any objection taken on the trial in his behalf to the evidence, as to the state of the accounts, upon the ground that an account had been stated or settled, which could not be opened unless surcharged or falsified by proper averments in the anwer. This question cannot be raised for the first time on appeal. The point has been waived, even though it had conclusively appeared by the evidence, which it does not, that the account embracing the $800 item had become a stated one. There is a rule of pleading which is equally fatal to the plaintiff's position. When fraud is charged in an account and is proved, it is a sufficient ground to open the whole account. (*Bruen* v. *Hone*, 2 Barb., 586; Story's Eq. Juris., § 523; Story's Eq. Pldg., § 801.)

The defendants averred in their answer that the plaintiff had fraudulently charged them with the full face of bills rendered by third persons for materials and labor furnished, and had received and retained for his own use from those persons percentages of their amount. This fact was found by the referee. When the evidence shows that an account stated is fraudulent, it may, as before stated, be inquired into though not surcharged or falsified in the pleading of the party questioning it.

The only other point to which our attention is called by the counsel for the appellant, is raised, by two exceptions taken at folios 703 and 704. John Law and John G. McCowen were partners under the firm name of John Law & Co., who were employed by the plaintiff to work on the apartment-house. The referee found that forty-two dollars and seventy-six cents were allowed by them to Liscomb as a percentage on the accounts presented and paid for work performed. Mr. Law testified that he generally superintended the work on that house and Mr. McCowen kept the books of the firm. The following question was asked Law by the defendant's counsel : " Q. Did you give to Mr. McCowen a correct statement of your transactions with Mr. Liscomb as they took place for entry into the ledger ? [Objected to as calling for an opinion of the witness. Question allowed and exception taken.] A. Yes, sir, invariably. Q. And that is so in regard to all your transactions with Mr. Liscomb ? A. Yes, sir. [Ledger account appearing on pages 75 and 213 of the ledger offered in evidence by defendant's counsel. Objected to as incompetent. Admitted. Exception taken.] The first objection is clearly untenable. The question did not call for an opinion but for a fact. The objection to the admission of the account was properly overruled. McCowen, the other partner, had previously testified that he made all of the entries in the Liscomb account, and that he knew that the work represented by the entries had been done, and that the charges were correct of his own knowledge. He had also testified that he could not state the items from memory, but could by refreshing his recollection by the book.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment affirmed, with costs.