82  607
15ap299

CHU PAWN and Others, Respondents, v. ROBERT J. IRWIN, Appellant.

*Pleading — issue as to the execution of a contract through fraud — stipulation that the issue was as to its actual execution.*

An action was brought to recover certain moneys obtained from the plaintiffs by the defendant while acting in a fiduciary capacity upon statements that the money was to be used to pay custom house duties, etc. The answer admitted the receipt of the various sums, except one small item, but claimed that the defendant had disbursed more than the amount credited in the complaint, and also set up affirmatively a cause of action against the plaintiffs upon a written contract. In their reply the plaintiffs denied "that they ever signed the document or contract," and alleged "that they never knowingly signed the said contract, knowing or agreeing to the matters therein stated."

The parties entered into a stipulation as follows: "It is agreed that the only question to be tried in this case is the question as to whether there is a contract between the plaintiffs and the defendant, as alleged by the defendant, and that in case the jury find there was no such contract the court can direct a verdict for such amount as is proper. The court is to submit that one special fact to the jury, and in case the jury find there was such a contract, then counsel consented that the amount to be allowed to the defendant under the contract can be ascertained either by a reference or in such other way as the court may direct."

The contract signed by the plaintiffs was admitted in evidence, and the whole force of the plaintiffs' testimony was directed to show that through misrepresentation and fraud the plaintiffs' signatures were obtained thereto.

The trial judge, in submitting the question to the jury, thus presented it:

"Did the plaintiff Chu Pawn sign the name of Yee Long & Co. to this contract, knowing what was in it and understanding that it was a contract between the plaintiffs and the defendant?"

*Held,* that the issue, as finally presented, was not whether a contract did or did not exist, but whether a contract concededly in existence had or had not been obtained by fraud;

That, upon the pleadings, the issue of fraud was not presented, nor did the stipulation embrace such issue of fraud, or include any inquiry beyond the simple one as to whether there was or was not a contract between the parties;

That the allegation in the reply, that the plaintiffs never knowingly signed the contract, knowing or agreeing to it, was equivalent to a statement that they did not know what the papers signed by them contained, and that they did not sign it intending to agree to it, which was no defense to the obligation imposed upon them by such contract, as they were bound by the terms thereof, although not knowing or intending to agree to its terms;

That they must stand by the words of their contract, and if they did not read what they signed they alone were responsible for their omission to do so.

APPEAL by the defendant, Robert J. Irwin, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 12th day of April, 1894, upon the verdict of a jury, rendered after a trial at the New York Circuit.

*George A. Strong,* for the appellant.

*Franklin Bien,* for the respondents.

O'BRIEN, J.:

This action was brought to recover certain moneys obtained by the defendant from the plaintiffs in a fiduciary capacity upon statements that the money was to be used to pay custom house duties, etc. The answer admitted the receipt of the various sums, except one small

item, but claimed that the defendant had disbursed more than the amount credited in the complaint, and also set up affirmatively a cause of action against the plaintiffs upon a written contract, by the terms of which, among others, the defendant was to receive thirty per cent upon all reductions in duties and money saved on duties through any compromise with the government, and that such sums so earned under the written contract, after deducting what had been paid him, would leave the plaintiffs indebted to the defendant. In their reply the plaintiffs denied "that they ever signed the document or contract," and alleged "that they never knowingly signed the said contract, knowing or agreeing to the matters therein stated."

At the trial the parties entered into a stipulation as follows : " It is agreed that the only question to be tried in this case is the question as to whether there is a contract between the plaintiffs and the defendant, as alleged by the defendant, and that in case the jury find there was no such contract the court can direct a verdict for such amount as is proper. The court is to submit that one special fact to the jury, and in case the jury find there was such a contract, then counsel consented that the amount to be allowed to the defendant under the contract can be ascertained either by a reference or in such other way as the court may direct."

The contract signed by the plaintiffs was admitted in evidence, and the whole force of the plaintiffs' testimony was directed to showing that through misrepresentation and fraud plaintiffs' signatures were obtained thereto, and the trial judge, in submitting the question to the jury, thus presented it: "Did the plaintiff Chu Pawn sign the name of Yee Long & Co. to this contract, knowing what was in it, and understanding that it was a contract between the plaintiffs and the defendant?" From this it will be seen that whether a contract did or did not exist, was not the issue as finally presented, but whether a contract, concededly in existence, had or had not been obtained by fraud. Upon the pleadings, the issue of fraud was not tendered, nor did the stipulation embrace such issue of fraud, or include any inquiry beyond the simple one as to whether there was or was not a contract between the parties.

The reply, after denying that the plaintiffs signed such contract, alleges that they never knowingly did so, knowing or agreeing to it. This latter is equivalent to a statement that they did not know what

the paper signed by them contained, and that they did not sign it intending to agree to it. This, under the decisions, is no defense, the law holding that parties are bound, although not knowing or intending to agree to the terms, or, as stated in *Upton* v. *Tribilcock* (91 U. S. 45–50): "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract, and if he will not read what he signs, he alone is responsible for his omission." And the conditions entitling one to relief from a written contract are thus stated in *Brice* v. *Lorrilard* (55 N. Y. 250): "It must be the mistake of one party by which his intentions have failed of correct expression, and there must be fraud in the other party."

It will thus be seen that the real issue upon the contract was as to whether it had an existence or not. Though the defendant endeavored to hold the proof down to this issue, the plaintiffs were permitted to introduce evidence tending to show that the contract was procured by fraudulent representations or acts; and it was as the result of such testimony that the jury found upon the question submitted to them by the court — not against the existence of the contract, which was conceded — but against its validity. It is for errors committed in permitting evidence of fraud to be introduced over defendant's objections and exceptions, and for the refusals to confine the evidence and the charge of the court to the only issue made by the pleadings and the stipulation of the parties, that the defendant asks for a reversal of the judgment. Such exceptions, we think, for the reasons stated, are good.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

Van Brunt, P. J., and Parker, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

Note.— The rest of the cases of this term will be found in the next volume, 83 Hun.— [Rep.