(5 App. Div. 444.)

COIT v. GOODHART et al.   (No. 400.)

(Supreme Court, Appellate Division, First Department.   May 1, 1896.)

PLEADING—BILL OF PARTICULARS—RIGHT TO BILL.

In an action to reopen a settlement of accounts covering a period of six years, the complaint alleging that the accounts rendered were erroneous in failing to give plaintiff proper credits, and in charging him with more than he had received, to the extent of about $500 a month, during said period, defendant is entitled to a bill of particulars specifying the nature of the alleged errors, the particular items which plaintiff claims were improperly charged against him, and the particular credits which should have been allowed.

Appeal from special term, New York county.

Action by Augustus B. Coit against Philip J. Goodhart and others to reopen a settlement of accounts, and for other relief. From an order denying a motion for a bill of particulars, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Austen G. Fox, for appellants.
D. M. Porter, for respondent.

INGRAHAM, J.   This action is brought to set aside a settlement of accounts between the plaintiff and the defendants Goodhart & Co., a transfer of all claims and demands by plaintiff against said

Goodhart & Co. to the defendant Lehman, and for an accounting between the plaintiff and the defendants Goodhart & Co. in relation to certain transactions between them. The complaint alleges that the plaintiff about the 1st of January, 1888, opened a speculative and general account with the firm of Goodhart & Co., who were then stockbrokers in the city of New York, and continued such account until and after the 1st day of March, 1894; that during that period said Goodhart & Co. rendered monthly accounts to the plaintiff of various transactions between them, and that, in consequence of the representations made by said Goodhart & Co. to the plaintiff, plaintiff believed that the said accounts were correct, and relied upon the statements contained therein; that subsequently Goodhart & Co. ascertained that the accounts were not correct, and that a new accounting was had, by which upwards of $7,000 was found to be due by Goodhart & Co. to the plaintiff; and that that money was paid to the plaintiff, whereupon plaintiff assigned all demands against Goodhart & Co. to the defendants Lehman Bros. The complaint then alleges that (upon information and belief) during the period from January 1, 1888, to March 1, 1894, the accounts rendered to the plaintiff by Goodhart & Co. were erroneous in not crediting the plaintiff with all he was entitled to receive, and by charging him with more than he had received, to the extent of about the sum of $500 each and every month during the said period, and which belonged to the plaintiff, and that to induce the plaintiff to settle for the sum of $7,350, and to make the alleged transfer nominally to the said Lehman Bros., said Goodhart & Co. represented to the plaintiff that the sum named in said transfer was all that the plaintiff was entitled to receive from the said firm of Goodhart & Co., and that they could find nothing more coming to the plaintiff than the amount then and there stated, and that the accounts, so far as they knew, were correct. The complaint demands judgment that this settlement be set aside, the transfer to Lehman Bros. be set aside, and that an accounting be ordered.

Before plaintiff would be entitled to such an accounting, it will be necessary for him to prove either fraud or mistake in the settlement of the accounts. The defendants ask that the plaintiff be required to furnish a bill of particulars specifying the instances in which the account was incorrect. This motion is opposed by an affidavit of the plaintiff in which he swears that it is impossible for him to furnish the particulars without access to the books of the defendants Goodhart & Co., and that they have knowledge of the respects in which the account is incorrect. Before the account can be opened these allegations of fraud or mistake must be proved. The plaintiff does not deny that he has the accounts rendered to him by the firm of Goodhart & Co., and there is not the slightest evidence tending to show that the books of Goodhart & Co. will show any more than the accounts that have been rendered to him. After such statement of the accounts between the parties, the burden of proof is upon the plaintiff to show some particulars in which the accounts were incorrect, from which it can be found that there was fraud or mistake upon which the accounts furnished to the plaintiff were in-

v.39n.y.s.no.1—4

correct, by failing to give plaintiff credit to which he was entitled, or by making charges against him which were unauthorized or improper. We think the defendants are entitled to know the nature of the errors in the accounts; to what amounts he was entitled to be credited, and what sums he was charged with that he had not received. The mere fact that the complaint alleges that the total amounts of the errors amounted to about $500 in each month gives no information to the defendants as to the nature of the illegal or improper charges against him, or as to the nature of the credits to which he was entitled. It simply specified the general amount of the errors, not the particular items, or nature of the charges that were improperly made, or the credits that were not allowed. Here are transactions extending over a period exceeding six years, involving a large number of transactions and large sums of money. There was an implied settlement, by the receipt and acceptance for six years, without objection, of the accounts as rendered, the reopening of the accounts, upon the application of the defendants, on the ground that they had discovered errors in favor of the plaintiff, and a resettlement of the accounts by the payment of a large sum of money; and, to justify this action at all, plaintiff must have knowledge of some items in the accounts which either show fraud on the part of the defendants, or a mutual mistake between the parties as to the proper amount due to the plaintiff. To enable the defendants to meet these charges, it seems to us clear that there should be a statement by the plaintiff of the nature of the errors in the account upon which he bases his right to open the settlement. It is claimed that it would be impossible for the defendants to prepare to meet this charge against them without the particulars of the errors in the account upon which the plaintiff bases his demand for judgment.

We think, therefore, that the motion should have been granted, and the order below is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event; the plaintiff directed to furnish to the defendant a bill of particulars specifying the nature of the errors in the account, and the particular charges which he claims should have been charged against him, or the particular credits which should have been allowed. All concur.