NEW YORK & MT. V. TRANSP. CO. et al. v. TYROLER et al.

(Supreme Court, Appellate Division, Second Department.    January 11, 1898.)

INJUNCTION—RESTRAINING ENFORCEMENT OF JUDGMENT.

> In an action to restrain the sheriff and others from acting upon a certain judgment theretofore procured by B., one of the defendants, as assignee of one S., against the plaintiff company, the papers upon which an injunction pending the action was granted averred that the cause of action upon which judgment was recovered was upon a claim alleged to be due to S., "which claim is wholly fictitious, invalid, and fraudulent, to the knowledge of said S. and the defendant B., who is colluding with the other defendants to procure such judgment so as to  *  *  *  sell the property [of the plaintiff's] at auction in order that they may buy it in, and injure and destroy the business of said company," and "that the judgment  *  *  *  is collusive, fraudulent, and void." *Held*, that these allegations, containing no statement of the facts which go to establish a fraud, furnished no basis for an injunction.

Appeal from special term.

Action by the New York & Mt. Vernon Transportation Company and Stuart W. Cowan against George Tyroler and others. From an order continuing the injunction pending the action, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

E. L. Mooney (F. A. Card, on the brief), for appellants.

Roger M. Sherman, for respondents.

WOODWARD, J.    The facts on which the court acted in granting the injunction showed that the defendants had secured a judgment against the plaintiffs by default, upon a claim for salary assigned by the alleged secretary and general manager of the plaintiff company to the defendants, and that the sheriff of the county of New York was about to offer the property of the plaintiffs for sale to satisfy the judgment.    A temporary injunction was granted restraining the sheriff and others from acting upon the judgment, and this injunction was afterwards made permanent during the pendency of the action. From this order an appeal comes to this court.

The only material question involved is whether the judgment in favor of the defendants was procured by fraud, and whether this fact is sufficiently set forth in the papers on which the injunction was

granted. It is necessary, to sustain an injunction, to show a cause of action which would entitle the plaintiffs to relief in equity, and it cannot be contended in the present instance that the court would be justified in interposing its restraining writ unless there was a fraud in the procurement of the judgment on which the defendants seek satisfaction. It is necessary, then, to inquire how far the plaintiffs have established their right to the equitable protection of an injunction. The complaint in the action, verified by Stuart W. Cowan, who says that he is a "director in the said company, and the holder and owner of shares of its capital stock," alleges that the "cause of action in the complaint in said action [on which the judgment was recovered] is upon a claim alleged to be due the defendant William J. Stewart for salary as secretary, treasurer, and general manager, which claim is wholly fictitious, invalid, and fraudulent, to the knowledge of said Stewart and the defendant Blum, who is colluding with the other defendants to procure such judgment so as to be entered, and sell the property aforesaid at auction, in order that they may bid it in, and injure and destroy the business of said company," and "that the judgment aforesaid was rendered without jurisdiction over the person of said company, and is collusive, fraudulent, and void." Do these statements constitute a sufficient allegation of fraud to justify the continuance of this injunction? Are they not rather conclusions of law than statements of fact, and as such insufficient to constitute equitable grounds for relief?

"The burden of charging as well as proving fraud," says Justice Smith in the case of Butler v. Viele, 44 Barb. 169, "is on the party alleging it; and, while it is not necessary or proper that he should spread out in his pleading the evidence on which he relies, he must aver fully and explicitly the facts constituting the alleged fraud. Mere conclusions will not avail."

In the same case the court says:

"The general allegation in the complaint, that the grantee procured the deed by 'false and fraudulent representations and practices, and by undue and improper influences,' is insufficient, without stating the nature of the alleged representations and practices or influences."

To the same effect is the case of Libby v. Rosekrans, 55 Barb. 202–223. Chief Judge Andrews, in the case of McHenry v. Jewett, 90 N. Y. 58, says:

"There must be some special ground of jurisdiction; and, where an injunction is the final relief sought, facts which entitle the plaintiff to this remedy must be averred in the complaint, and established on the hearing."

In the case of Knapp v. City of Brooklyn, 97 N. Y. 523, Judge Finch, in delivering the opinion of the court, says:

"But the complaint here avers only the legal conclusion of an unlawful increase, without stating any facts as its basis. The language is, 'That the expense of the said local improvement for which said assessment was laid has been increased in dollars and cents by reason of the illegal action, frauds, and irregularities of the officers,' etc., of the defendant. No actions of such officers are pointed out as illegal; no frauds are described or averred; no irregularities are specified; and so no facts are pleaded upon which issue can be taken, or which indicate to the court or the adversary the questions intended to be tried. The substance of the complaint amounts only to an allegation that $623 of the assessment was illegal. That is not sufficient,"—citing Butler v. Viele, 44 Barb. 169.

The allegations set forth in the pleadings do not state the facts which go to establish a fraud, and, as fraud is, in this case, the only justification for the order of injunction, the order appealed from is reversed, and the injunction is dissolved.    All concur.