THE NEW YORK AND MOUNT VERNON TRANSPORTATION COMPANY and STUART W. COWAN, Respondents, *v.* GEORGE TYROLER and NATHAN B. BLUM, Appellants, Impleaded with WILLIAM J. STEWART.

*Complaint — in an action to restrain a sale under an alleged fraudulent judgment the facts establishing the fraud, not mere conclusions, must be alleged.*

In an action brought by a corporation and a director and stockholder thereof, to set aside a judgment obtained against the corporation by default, upon a claim of one of the defendants for his salary as an officer of the corporation, and to enjoin the enforcement of the judgment, a complaint alleging that the claim was " wholly fictitious, invalid and fraudulent to the knowledge of" the defendants, who were colluding to have the property of the corporation sold under the judgment so that they might bid it in at the sale and injure and destroy the business of the corporation; that the court did not obtain jurisdiction over the person of the corporation, and that the judgment was wholly collusive, fraudulent and void, is insufficient to warrant the granting of an injunction restraining the sale *pendente lite*, as the allegations are no more than legal conclusions, instead of statements of the facts constituting the alleged fraud.

APPEAL by the defendants, George Tyroler and another, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 17th day of November, 1897, continuing an injunction *pendente lite*, and also from an order entered in said clerk's office on the 24th day of November, 1897, resettling said first-mentioned order.

The action was brought to enjoin the enforcement of a judgment obtained by the defendant Tyroler against the plaintiff corporation, and to procure such judgment to be set aside.

*Edmund Luis Mooney* [*F. A. Card* with him on the brief], for the appellants.

*Roger M. Sherman,* for the respondents.

WOODWARD, J.:

The facts on which the court acted in granting the injunction showed that the defendants had secured a judgment against the plaintiff corporation by default, upon a claim for salary assigned by the alleged secretary, treasurer and general manager of the plaintiff company to the defendant Tyroler, and that the sheriff of the county of New York was about to offer the property of the plaintiff corporation for sale to satisfy the judgment. A temporary injunction was granted restraining the sheriff and others from acting upon the judgment, and this injunction was afterward made permanent during the pendency of the action. From this order and from an order resettling it an appeal comes to this court.

The only material question involved is whether the judgment in favor of the defendant Tyroler was procured by fraud, and whether this fact is sufficiently set forth in the papers on which the injunction was granted. It is necessary, to sustain an injunction, to show a cause of action which would entitle the plaintiffs to relief in equity, and it cannot be contended in the present instance that the court would be justified in interposing its restraining writ unless there was fraud in the procurement of the judgment of which the defendants seek satisfaction. It is necessary, then, to inquire how far the plaintiffs have established their right to the equitable protection of an injunction.

The complaint in the action, verified by Stuart W. Cowan, who says that he is a "director of said company and the holder and owner of shares of its capital stock," alleges that the "cause of action alleged in the complaint in said action (on which the judgment was recovered) is upon a claim alleged to be due the defendant William J. Stewart for salary as secretary, treasurer and general manager, which claim is wholly fictitious, invalid and fraudulent, to the knowledge of said Stewart and the defendant Blum, who is colluding with the other defendants to procure such judgment so to be entered and sell the property aforesaid at auction in order that they may bid it in and injure and destroy the business of said company," and

that "the judgment aforesaid was rendered without jurisdiction over the person of said company, and is collusive, fraudulent and void."

Do these statements constitute a sufficient allegation of fraud to justify the continuance of this injunction? Are they not rather conclusions of law than statements of fact, and as such insufficient to constitute equitable grounds for relief? "The burden of charging as well as proving fraud," says Justice SMITH, in the case of *Butler* v. *Viele* (44 Barb. 169), "is on the party alleging it; and, while it is not necessary or proper that he should spread out in his pleading the evidence on which he relies, he must aver, fully and explicitly, the facts constituting the alleged fraud; mere conclusions will not avail." In the same case the court say: "The general allegation in the complaint, that the grantee procured the deed by 'false and fraudulent representations and practices, and by undue and improper influences,' is insufficient without stating the nature of the alleged representations and practices or influences."

To the same effect is the case of *Libby* v. *Rosekrans* (55 Barb. 202, 223).

Chief Judge ANDREWS, in the case of *McHenry* v. *Jewett* (90 N. Y. 58), says: "There must be some special ground of jurisdiction, and, where an injunction is the final relief sought, facts which entitle the plaintiff to this remedy must be averred in the complaint and established on the hearing."

In the case of *Knapp* v. *City of Brooklyn* (97 N. Y. 523), Judge FINCH, in delivering the opinion of the court, says: "But the complaint here avers only the legal conclusion of an unlawful increase without stating any facts as its basis. The language is 'that the expense of the said local improvement for which said assessment was laid has been increased in dollars and cents by reason of the illegal action, frauds and irregularities of the officers,' etc., of the defendant. No actions of such officers are pointed out as illegal; no frauds are described or averred; no irregularities are specified, and so no facts are pleaded upon which issue can be taken, or which indicate to the court or the adversary the questions intended to be tried. The substance of the complaint amounts only to an allegation that $623 of the assessment was illegal. That is not sufficient." (Citing *Butler* v. *Viele*, 44 Barb. 169.)

The allegations set forth in the pleadings do not state the facts which go to establish a fraud, and as fraud is, in this case, the only justification for the order of injunction, the order appealed from is reversed and the injunction is dissolved.

All concurred.

Order reversed, with ten dollars costs and disbursements, and injunction dissolved.