ELLIS v. KEELER et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. PLEADING—CONCLUSIONS OF LAW. ·
    Allegations in an answer that there was never any adequate consideration for an agreement in question, that its execution was wrongfully procured by fraudulent misrepresentations, etc., are mere conclusions of law, and are insufficient where not supported by allegations of fact.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 12–28½.]

2. SPECIFIC PERFORMANCE—DEFENSE.
    It is not a defense to an action to enforce a contract executed by one since deceased that decedent was 83 years old at the time the contract was executed, and had no one present to consult or advise with.

3. SAME.
    It is not a defense to an action to specifically enforce a contract executed by one since deceased that decedent was not informed of, and did not know, the true contents or legal effect of the contract when she signed it, where there is no claim that it was the purpose of the other party to the contract to take some unfair advantage of her by fraudulent means, especially where it is not claimed that decedent was mentally weak, or that duress was practiced upon her.

4. PLEADING—CONCLUSIONS.
    In an action to specifically enforce a contract executed by one since deceased, allegations in the answer that the contract was executed when decedent was under the influence of pain induced by various unlawful actions and misrepresentations of plaintiff so that the execution of the contract was not the free act of decedent, are insufficient as mere conclusions where neither the facts constituting the pain and anguish nor what the threatening and unlawful acts were are alleged.

5. SAME—DEMURRER—ADMISSIONS.
    A demurrer admits the truth of all the facts stated and the necessary inferences resulting therefrom, but it does not admit the truth of any conclusions either of law or of fact.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 525–534.]

Appeal from Special Term, Kings County.

Action by Louise Ellis against Samuel Keeler, executor of Julia A. Chapman, and others, impleaded. From an interlocutory

judgment sustaining a demurrer to their separate defense, the impleaded defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Harold Swain, for appellants.

L. C. Ferguson, for respondent.

HOOKER, J.　This action was brought to enforce an alleged contract between the plaintiff and Julia A. Chapman, deceased, by which the plaintiff claimed that she is entitled to one-half of the real and personal property of said deceased. The complaint demands judgment that the parties to whom such property was devised and bequeathed by the will of the said Julia A. Chapman convey and deliver to the said plaintiff one-half of the estate of said deceased after the payment of the debts and administration expenses. The alleged contract is set forth in the sixth paragraph of the complaint, which avers that, for valuable consideration, an agreement was entered into between the said Julia A. Chapman and the plaintiff, by which the former agreed not to diminish the one-half of her estate, which she left to the plaintiff by will if the plaintiff survived her. It is alleged that the said agreement was dated December 7, 1893. It is also alleged in the complaint that prior to that day the said Julia A. Chapman made a will, leaving one-half of her estate to the plaintiff. The defendants who appeal answered the complaint, denying that the will was ever executed, and also denying the allegations in regard to the said contract of December 7, 1893. The answer also contains a paragraph which they allege constitutes a complete defense to the action. It reads as follows:

"Further answering said complaint, and for a separate and complete defense thereto, these defendants allege, upon information and belief, that there was never any adequate consideration for the alleged agreement set forth in paragraph sixth of said complaint, and that, if said agreement was executed by said Julia A. Chapman, the execution thereof by said Julia A. Chapman was wrongfully procured by the plaintiff by means of various fraudulent misrepresentations and other fraudulent and unlawful practices, and at a time when said Julia A. Chapman was 83 years old, and had no one present to consult or advise with, and was not informed of, and did not know or understand the true contents, purport, or legal effect of said alleged agreement, and that said Julia A. Chapman executed the same when under the influence of pain and anguish, induced by various threatening and unlawful actions and misrepresentations of the plaintiff to such an extent that the execution of said agreement was not the free, uncontrolled, and voluntary act of said Julia A. Chapman."

The plaintiff demurred to this separate and complete defense, on the ground that it was insufficient in law. The demurrer was sustained, and the answering defendants appealed.

The first statement is that there was never any adequate consideration for the alleged agreement. It is clear that this is but a conclusion of law, for the question whether the consideration is adequate in a given case is one of law to be ascertained from such facts as may be pleaded to support the conclusion. Doubtless a

different question would have been presented if these defendants had pleaded that there was no consideration whatsoever to support the contract, but, in averring that the consideration was inadequate, it is clear that the full purport of the allegation cannot be disclosed without some statement of fact to amplify the conclusion expressed in the term inadequate.

The next allegation is that the execution of the contract was wrongfully procured by means of fraudulent misrepresentations and other fraudulent and unlawful practices. It is almost too plain for argument that these are nothing more than empty conclusions of law which mean nothing without the support of sufficient allegations of fact. Such general allegations are insufficient without stating the nature of the alleged misrepresentations and fraudulent practices or influences. N. Y. & M. V. Trans. Co. v. Tyroler, 25 App. Div. 161, 48 N. Y. Supp. 1095; Booth v. Dodge, 60 App. Div. 23, 69 N. Y. Supp. 673.

The next allegation, that the deceased was 83 years old at the time the contract was entered into, and had no one present to consult or advise with, seems to be the only allegation of fact in this paragraph of the answer. These two facts taken alone, however, are insufficient in law as a complete defense to the action set forth in the complaint. It is entirely likely that one of 83 years of age might adequately transact business without leaning on some one for advice. Certainly there is no presumption that merely because one party to a contract is of that age, and consulted and advised with no friend, his contract is void or even voidable.

The next allegation, that the deceased was not informed of and did not know the true contents, purport, or legal effect of the said agreement, is idle. If the deceased signed the contract, it is no defense merely that she did not know the contents or was not informed thereof, unless the allegation is taken in connection with others, which establish facts showing that it was the purpose of the other party of the contract to take some unfair advantage of the other by fraudulent means (Chu Pawn v. Irwin, 82 Hun, 607, 31 N. Y. Supp. 724); and this especially in view of the fact that there is no allegation of mental incapacity of Julia A. Chapman or of duress practiced upon her by the plaintiff.

The balance of the paragraph alleges that the contract was executed when the deceased was under the influence of pain and anguish induced by various threatening and unlawful actions and misrepresentations of the plaintiff to such an extent that the execution of the agreement was not the free, uncontrolled, and voluntary act of the said deceased. What the facts are that constituted the pain and anguish, and what the threatening and unlawful actions and misrepresentations of the plaintiff were, are undisclosed by the pleader. Such general allegations of misrepresentations and unlawful actions are not sufficient. The nature of the misrepresentations and practices and influences must be alleged (N. Y. & M. V. Trans. Co. v. Tyroler, supra); and the allegation that the execution "was not the free, uncontrolled and

voluntary act of the said Julia A. Chapman" is a conclusion based upon insufficient allegations of fact. The conclusion must fall with the failure to allege the facts. Hearst v. McClellan, 102 App. Div. 336, 92 N. Y. Supp. 484; N. Y. & M. V. Trans. Co. v. Tyroler, supra.

The plaintiff's demurrer did not admit the truth of the conclusions alleged in the separate defense; for the demurrer admits the "truth of all the facts stated and necessary inferences resulting, but it does not admit the truth of any conclusions either of law or of fact." Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855.

The interlocutory judgment must be affirmed, with costs. All concur.

GAYNOR, J. (concurring). The trouble with the so-called defence is that it is a mere jumble of words, instead of a precise allegation of facts not embraced in the issue raised by the denials of the answer, and which, taking the complaint to be true, would nevertheless defeat the action, which is the test of the sufficiency of matter pleaded as a defence. If it does not bear this test it is not a defence but mere verbiage. Whether the consideration alleged in the complaint for the agreement therein alleged is "adequate" is a question of law, or, this being a suit in equity, may be of equitable consideration in connection with other matters on the question of the specific performance prayed for by the plaintiff. The deceased had the right to make the agreement for any consideration, however small. The failure to allege the false representations and practices makes the allegation on that head worthless. The same is true of the general allegation that the deceased executed the agreement under the influence of pain and anguish induced by "various threatening and unlawful actions and misrepresentations of the plaintiff." "Various" will not do; they must be particularly alleged. There is no prayer that the contract be declared void, although if it stand it must be carried out. It is therefore quite impossible to understand what object the learned pleader had in his head.