## SPRAGUE v. CURRIE et al.

(Supreme Court, Appellate Division, First Department.　June 11, 1909.)

1. ACCOUNT STATED (§ 6*)—ACCEPTANCE.

Where defendants purchased stocks for plaintiff on margin, and advanced for her account on such purchases $8,815.95, and on payment to them of such amount at plaintiff's request transferred and delivered the stocks and securities to another firm of stockbrokers, there was an account stated by defendants and accepted by plaintiff.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 30–40; Dec. Dig. § 6.*]

2. ACCOUNT STATED (§ 12*)—FALSIFICATION—COMPLAINT.

A complaint against stockbrokers to falsify an account stated, on the ground that the brokers sold or converted to their own use some or all of plaintiff's securities, and thereafter, to make delivery, repurchased or reacquired the same at lower prices, thereby making secret profits, was insufficient, in the absence of an allegation as to the date plaintiff discovered such irregular acts, so as to show that they were not waived by the acceptance of the account.

[Ed. Note.—For other cases, see Account Stated, Dec. Dig. § 12.*]

3. PLEADING (§ 20*)—ALTERNATIVE ALLEGATIONS.

A complaint by a customer against her stockbrokers to falsify an account stated, alleging that defendants "sold or converted" to their own use certain of plaintiff's securities, in the alternative, was objectionable as too vague and indefinite.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 43; Dec. Dig. § 20.*]

4. BROKERS (§ 24*)—DUTY TO CUSTOMERS—MARGIN STOCKS.

A broker, carrying stocks for a customer on margins, is not obliged to keep on hand the identical securities purchased for her, but fulfills his obligation if he keeps on hand or under his control either the securities of plaintiff or a like kind and amount of securities, so as to be able to deliver the same to plaintiff on receiving the amount due from her on demand.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 24.*]

Appeal from Special Term, New York County.

See, also, 129 App. Div. 365, 113 N. Y. Supp. 789.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Walter W. Irwin, for appellants.

Paul E. Jones, for respondent.

SCOTT, J.　The defendants are stockbrokers, and the plaintiff was their customer.　The complaint shows that between January 22, 1907, and November 18, 1907, defendants bought and carried for plaintiff upon margin certain stocks, which they held as collateral security for the amount unpaid by her, and which they had advanced for such purchases, and which on November 18, 1907, amounted to $8,815.95, and that on said date, at plaintiff's request, defendants transferred and delivered said stocks and securities to another firm of stockbrokers

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon payment to defendants of said sum of $8,815.95. These allegations, as we think, show an account stated by defendants and accepted by plaintiff. She now seeks to open this account, alleging upon information and belief that at various times between said 22d day of January and the 18th day of November the defendants sold or converted to their own use some or all of the securities belonging to plaintiff, and thereafter, for the purpose of making delivery, repurchased or reacquired the same at lower prices, thereby making secret profits.

This complaint is defective in two particulars. It is not alleged when the plaintiff discovered the irregular acts on the part of defendants upon which she bases her right to reopen the account stated. If she knew the facts when she accepted the account, or had information of them, her acceptance and payment without objection amounted to a ratification of the defendants' acts. The complaint is also defective, in that it charges, in the alternative, that defendants sold or converted to their own use certain of the securities. This allegation is entirely too vague and indefinite. The complaint shows that defendants were carrying plaintiff's stocks on margin; that is, they had advanced for their purchase a considerable part of the price which plaintiff owed them, and for which they held the stock as security. Under these circumstances defendants were not obliged to keep on hand the identical securities purchased for plaintiff. Their duty was to keep on hand, or under their control, either the securities of the plaintiff, or a like kind and amount of securities, and to have them in such a position that plaintiff, by paying the amount due from her, could at any time obtain them. Douglas v. Carpenter, 17 App. Div. 329, 45 N. Y. Supp. 219, and cases cited; Strickland v. Magoun, 119 App. Div. 113, 104 N. Y. Supp. 425.

The interlocutory judgment must be reversed, and the demurrer sustained, with costs in this court and the court below, with leave to plaintiff to amend within 20 days upon payment of costs. All concur.

---

### SPRAGUE v. CURRIE et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

ACTION (§ 50*)—MISJOINDER OF CAUSES.

    [Ed. Note.—For other cases, see Action, Dec. Dig. § 50.*]

Appeal from Special Term, New York County.

Action by Frank J. Sprague against Frederick Currie and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.