CURRIE et al. v. SPRAGUE.

(Supreme Court, Appellate Division, First Department. May 13, 1910.)

Appeal from Special Term, New York County.

Action by Frederic Currie and others, copartners, against Frank J. Sprague. From an interlocutory judgment overruling a demurrer to a defense and counterclaim, plaintiffs appeal. Affirmed.

See, also, 134 App. Div. 965, 119 N. Y. Supp. 1122, 133 App. Div. 18, 117 N. Y. Supp. 481.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

Walter W. Irwin, for appellants.
Paul Eugene Jones, for respondent.

PER CURIAM. Judgment affirmed with costs, with leave to plaintiffs to withdraw demurrer and to reply within twenty days on payment of costs in this court and in the court below.

McLAUGHLIN, J. (dissenting). The plaintiffs are copartners doing a brokerage business under the name of Currie & Boyce. The complaint sets up three separate causes of action: (1) That on the 16th of January, 1907, defendant had an account with the firm of

Currie, Markle & Co., stockbrokers, which upon that day became an account' stated and showed an indebtedness on the part of the defendant of some $92,000, payment of which was secured by 100 shares of stock of a railroad company and 771 shares of stock of another corporation; that on the date named the account and security were transferred to the plaintiffs at the request of the defendant, and he agreed to pay the indebtedness to them; that on the 21st of January, 1907, plaintiffs, at his request, sold the railroad stock for some $17,700, and on the 6th of February, 1908, sold the other stock at public auction, after due notice to the defendant, for some $27,000, having in the meantime received certain dividends thereon, which were credited on defendant's account; that after charging defendant with interest at an agreed rate upon the moneys advanced in connection with the account, and crediting him with interest at the same rate upon payments received, there remained due the plaintiffs on the date last mentioned a balance of some $48,000, no part of which has been paid, though a demand for payment was made some time prior to that time; (2) to recover commissions upon the sale of the railroad stock and the expenses of the auction sale of the other stock; and (3) to recover the amount of the taxes paid for the transfer of the stock upon both sales. The judgment demanded is for $48,277.74, with interest.

The answer contains certain denials, and then alleges, "for a further answer and defense to each and every of the causes of action set forth in the amended complaint," that upon information and belief "the pretended statement of account with that firm referred to in the complaint is fictitious, false, and fraudulent, and that the said firm upon said date was largely indebted to defendant, had the accounts between said firm and him been justly and honestly kept"; that the defendant first had an account with the firm of Currie Bros., a copartnership composed of the plaintiffs Frederic Currie and Walter J. Currie, which was transferred to the firm of Currie, Markle & Co., in which they, with others, were also partners; that these firms failed to execute defendant's orders, and rendered to him false and fraudulent statements of his account, of which the plaintiffs had knowledge when the account was transferred to them; that the defendant first learned that these statements were fictitious in October, 1907, and he thereupon demanded that plaintiffs furnish him with a true statement, the books and records of the prior firms being in their possession, which they refused to do, and defendant is ignorant of the true transactions between the parties. To this alleged defense and a counterclaim the plaintiffs demurred on the ground of insufficiency. The demurrer was overruled, and they appealed from the interlocutory judgment. '

I think the demurrer should have been sustained. As to the first cause of action, the answer admits that, when the account was transferred to the plaintiffs, it was an account stated, and this the defendant apparently seeks to impeach on the ground of fraud. But, before an account stated can be opened, either for fraud or mistake, some specific error must be pointed out, involved in, or omitted from it, to the prejudice of the party seeking to open it. Coit v. Goodhart, 5

App. Div. 444, 39 N. Y. Supp. 48; Lockwood v. Thorne, 11 N. Y. 170, 62 Am. Dec. 81; Id., 18 N. Y. 285; Liscomb v. Agate, 67 Hun, 388, 22 N. Y. Supp. 126; Barker v. Hoff, 52 How. Prac. 382; Weed v. Smull, 7 Paige, 573; 1 Cyc. 461, 462; Story's Eq. Juris. § 525. Here the answer does not point out a single item which is claimed to be erroneous or set forth a single fact showing either fraud or mistake on the part of the plaintiffs or their predecessors in interest. While it is not necessary or proper that defendant should set out in his answer the evidence upon which he relies, he nevertheless must specifically set forth the facts constituting the alleged fraud. Mere conclusions are not enough. Eppley v. Kennedy, 131 App. Div. 1, 115 N. Y. Supp. 360; Butler v. Viele, 44 Barb. 166. The words "fictitious," "false," "fraudulent," and "largely indebted" are mere conclusions, and do not state facts sufficient to raise an issue of fraud or mistake. Knapp v. City of Brooklyn, 97 N. Y. 520; Cohn v. Goldman, 76 N. Y. 284; N. Y. & M. V. Transportation Co. v. Tyroler, 25 App. Div. 161, 48 N. Y. Supp. 1095. An action upon an account stated cannot be defeated upon a mere suspicion that it is not correct, but facts must be set forth which, if established, will justify a legal conclusion that the party asserting the truth of such facts has been injured by reason of fraud or mistake practiced upon him. Here no facts are set forth justifying such conclusion and for that reason the answer is insufficient.

As to the second and third causes of action, the allegations set forth in the answer constitute no defense whatever, at least to the extent of the commissions claimed by the plaintiff for selling the railroad stock and the taxes paid in transferring the same.

The objections pointed out to the alleged defense to the first cause of action are equally applicable to the alleged counterclaim. In the facts set forth constituting the counterclaim the defendant repeats the conclusions as to fraud and demands judgment that the firms of Currie Bros., Currie, Markle & Co., and the plaintiffs, account to him. His relations with the first-mentioned firms are not set forth in the counterclaim, and this court has already decided that such accountings cannot be had in the same action. Sprague v. Currie, 133 App. Div. 16, 117 N. Y. Supp. 481. If it be assumed that the defendant's dealings with the plaintiffs began with the account stated, he cannot under the authorities cited open that account and compel plaintiffs to account without alleging facts which, if true, show that the account is incorrect by reason of fraud or mutual mistake.

As was said in Coit v. Goodhart, supra, where a customer brought a similar action against his brokers, "to justify this action at all, plaintiff must have knowledge of some items in the accounts which either show fraud on the part of the defendants or a mutual mistake between the parties as to the proper amount due to the plaintiffs." If, in the present case, therefore, the defendant has anything more than a mere suspicion that the account stated is not correct, neither the defense nor the counterclaim attempted to be pleaded discloses it. The case of Ames v. French, 83 App. Div. 452, 82 N. Y. Supp. 452, relied upon by the respondent, in no way helps him. There the plaintiffs did not attack the sufficiency of the answer, but, on the contrary,

claimed the right to a compulsory reference on the pleadings, and the court sustained their contention. This is all that was involved and all that was decided. It is true in the counterclaim defendant charges a conversion of the stock, but there are no facts alleged upon which conversion could be predicated, for he fails to state that he ever tendered payment of the amount due upon the account, demanded the stocks, or that the plaintiffs refused and neglected to deliver them. The relation between plaintiffs and defendant as to the stocks was that of pledgor and pledgee. Strickland v. Magoun, 119 App. Div. 113, 104 N. Y. Supp. 425; affirmed 190 N. Y. 545, 83 N. E. 1132; Gillett v. Whiting, 120 N. Y. 402, 24 N. E. 790. He also fails to allege that upon learning of the conversion he disaffirmed the sale and requested plaintiffs to replace the stock, or that they refused to replace it and he thereupon did so himself, and, by reason thereof, sustained damage. If the securities were converted, he could not sit idly by and do nothing. He was bound within a reasonable time to demand that the plaintiffs replace the stocks, or, in case of their failure, to do so himself. Therefore, so far as a conversion is alleged, the counterclaim fails to show either a wrong committed upon him or that he ever sustained any loss. Baker v. Drake, 53 N. Y. 211, 13 Am. Rep. 507; Porter v. Wormser, 94 N. Y. 431.

The interlocutory judgment appealed from should therefore be reversed and the demurrer sustained, with leave to the defendant to serve an amended answer upon payment of the costs in this court and in the court below.

INGRAHAM, P. J., concurs.