MORRIS J. DAVENPORT, Plaintiff, *v.* WILLIAM J. HOLBERT and Others, Defendants.

Supreme Court, Madison County, February 25, 1928.

**Mortgages — foreclosure — deficiency — wife of mortgagor liable on bond though she claims she did not understand she was to be liable — mortgagor is dead — estate is first liable on bond.**

This is an action to foreclose a mortgage on real property and the wife of the mortgagor contends that she did not understand that signing the bond made her personally liable for any deficiency in foreclosure. There being no facts to relieve her from liability other than her claim, she is liable for any deficiency.

The mortgagor is dead and since he was the one who received the money and the one for whose benefit the mortgage was made, his estate will be first liable for the deficiency.

ACTION to foreclose a mortgage and, in case of deficiency, for judgment against the defendants Holbert and Light.

*M. J. White,* for the plaintiff.

*J. A. Johnson,* for the defendant Light.

SENN, J. This is an action to foreclose a mortgage executed by Bert R. Hart and Isabel L. Hart (now Light) his wife, to the plaintiff, on June 1, 1922. The mortgage was for $4,000 and $4,020 is claimed to be due and unpaid with interest from December 1, 1926. Collateral to the mortgage there was a separate bond in the same amount which was signed and executed by both mortgagors. Bert R. Hart is now deceased and Mrs. Hart has remarried, her name now being Isabel L. Light.

Mrs. Light makes no contest except that she denies her liability to answer for any deficiency.

She testified that she did not know at the time that she was signing a bond or that she was to become obligated in any way except to enable her husband to mortgage the farm; that the lawyer who drafted the bond and mortgage just told her to sign because it was customary to do so, that it was necessary and she would have to do so; that the papers were read to her but she did not understand the legal phrases; that she was not informed that she was obligating herself in any way to pay any deficiency and if she had been so informed or had so understood, she would not have signed it.

This is the version most favorable to Mrs. Light's claim and the circumstances would incline me to accept it, although it is not altogether corroborated but is somewhat contradicted by other witnesses, especially the attorney who drafted the papers.

As a general rule a person cannot avoid a written contract into which he has entered on the ground that he did not attend to its terms; that he did not read the document which he signed; that he supposed it was different in its terms, or that he thought it was a mere form. (13 C. J. 370, citing *Upton* v. *Tribilcock,* 91 U. S. 45, and many other cases.)

A contract cannot be avoided by a party on the ground that he could not read English and did not understand it when he signed it, where he is a man of ordinary intelligence and no claim is made that it was obtained by the other party by unfair means. (*Muller* v. *Kelly,* 116 Fed. 545.)

If he voluntarily signed it without knowing what it contained, he must take the consequences, unless he was tricked or wheedled or coerced. (Id.)

Where the surety on a bond given to procure the discharge of an imprisoned debtor claimed that the judge before whom it was given told him it was simply a bond for the appearance of the

debtor, when in fact it was an undertaking that the defendant would within thirty days apply for an assignment of all his property and a discharge as then provided by law, it was held to be no defense to the bond. (*Wheaton* v. *Fay*, 62 N. Y. 275.)

A contract voluntarily signed and executed by a party, in the absence of misrepresentation or fraud, with full opportunity of information as to its contents, cannot be avoided on the ground of his negligence or omission to read it or avail himself of such information. (*Breese* v. *U. S. Telegraph Co.*, 48 N. Y. 132, 139.)

A claim by obligees that they did not know what the paper signed by them contained and that they did not sign it intending to agree to it, is no defense. (*Chu Pawn* v. *Irwin*, 82 Hun, 607, citing *Upton* v. *Tribilcock*, 91 U. S. 45, 50.)

In *Upton* v. *Tribilcock* (*supra*) the court, among other things, said: "It will not do for a man to enter into a contract, and when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law."

In order to procure the reformation of a contract on the ground of fraud or mistake, it must either be the mutual mistake of the parties, or the fraud of the one and the consequent mistake of the other. Where the mistake of the one is not induced by the fraud of the other, it is no defense. (*Albany City Savings Institution* v. *Burdick*, 87 N. Y. 40, 47; *Pragi* v. *Lehigh Coal, etc., Co.*, 176 App. Div. 265; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411, 417.)

I have looked in vain for any authority that will permit me to relieve Mrs. Light from her obligation on this bond. On the contrary, there are many decisions, of which I have cited only a part, holding to the contrary.

The judgment of foreclosure and sale will, therefore, provide that the defendant William J. Holbert, as administrator, etc., of Bert R. Hart, deceased, and the defendant Isabel L. Light, be adjudged to pay any deficiency that may remain after applying the proceeds of the sale as directed in said judgment. But in view of the fact that said Bert R. Hart was the real party in interest and received all the proceeds of the bond and mortgage, I hold that as between the defendant William J. Holbert, as administrator, and the defendant Isabel L. Light, the former is first liable for any such deficiency, and the same is to be collected, if collectible, from the estate of Bert R. Hart, said Isabel L. Light to be liable for any part of the deficiency debt not so collectible.