Percival R. Irving and Others, Respondents, *v.* Walter Irving, Appellant.

*Compulsory reference — when a cause of action, not referable on its face, may be referred because of an issue raised by the answer.*

Although the cause of action alleged in a complaint appears upon its face to be non-referable, yet, if the defense interposed to it shows that the trial of the issue thus presented will necessarily involve a long account, a compulsory reference may be ordered.

Upon the trial of an action brought upon a promissory note by the payees against the maker, the answer, in its first defense, alleged that the note was without consideration, and then denied that any sum was due and owing from the defendant.

The second defense, which alleged neither a counterclaim nor a set-off, set forth, upon the question of consideration, certain stock transactions between the parties, out of which, as it is alleged, a false account against the defendant was created, for which he was induced to give the note in suit.

*Held,* that although the cause of action alleged in the complaint appeared on its face to be non-referable, yet as upon the trial of the action the plaintiffs (since the answer denied that the note was given for value) would be compelled to give proof in regard to the stock transactions which were the consideration of the note, and as this would necessarily involve the examination of a long account, a compulsory reference of the action was justified.

Appeal by the defendant, Walter Irving, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of June, 1895, directing a reference of the action.

*Edward Mitchell,* for the appellant.

*Benjamin N. Cardozo,* for the respondents.

PARKER, J. :

This action is on a promissory note of which the plaintiffs are the payees, and the defendant the maker. The complaint, in addition to setting up a copy of the note, alleges that the note was made and delivered for value, and that the amount thereof is due from the defendant.

The answer contains several separate defenses, the first of which reads : " This defendant denies that the promissory note mentioned in the second paragraph of the said complaint was made for value. He alleges that it was without any consideration." And this is followed with a denial that any sum " is due and owing from the defendant."

The second defense is of new matter, but does not allege a counterclaim or set-off. It contains a narrative statement of the facts showing certain stock transactions of the parties, out of which was created a false account against the defendant, for which he was induced to give the note in suit. In addition to giving a statement of all the circumstances under which the note was made, it renewed the allegations in the first defense, that the note was without any legal or valuable consideration, and that the defendant is not justly indebted to the plaintiffs in any sum whatever.

Undoubtedly the appellant is right in his contention that the answer gainsaid the plaintiffs' cause of action. Although the defendant does not deny the making of the note, he does not thereby admit the plaintiffs' cause of action, for he specifically denies the allegation in the complaint that it was made for value, and alleges that it was wholly without consideration.

And the plaintiffs have not a cause of action if such be the fact. The appellant, starting with the proposition to which we have given assent, insists that *Steck* v. *Colorado Fuel & Iron Company* (142 N. Y. 236) requires a reversal of the order. In that case the cause of action stated in the complaint was not referable without consent, and it was put in issue by the answer, which also set up a counterclaim consisting of a long account, and it was held that the order of reference granted on motion of plaintiff, against the objection of defendant, was error.

This case is quite different. The long account which persuaded the learned judge at Special Term to grant the order of reference

will be involved in the issue as to whether the note was given without consideration. But it was said in *Steck's* case, that when the cause of action alleged in the complaint is not referable, and the same is put in issue, the action cannot be made referable by any thing which the defendant may set up in his answer. The language employed by the court was broad enough, it will be seen, to fully sustain the appellant's contention.

But in *Steck's* case, as well as in the several cases cited by the court, the counterclaim was a distinct and independent cause of action, and the fact that it involved a long account did not make it an element in the proof of the plaintiff's cause of action.

The question sharply presented to the court, was, whether the fact that the trial of the counterclaim might involve an examination of a long account would justify a compulsory reference of the issues, where the plaintiff's cause of action was controverted and non-referable? Necessarily, therefore, the question involved in this case was not brought to the attention of the court, and the language employed by it was not chosen with reference to this situation.

The ground of the decision was, that as the Constitution declared that trial by jury should remain inviolate forever, in every instance where it had theretofore existed, and as at the date of the adoption of the Constitution, the law of pleading would not permit an assertion of a counterclaim, unless the defendant should admit the truth of the plaintiff's allegations, it followed under the practice theretofore in vogue, that there could not have been a counterclaim when plaintiff's cause of action was gainsaid; hence, the necessity for the examination of an account, in connection with a counterclaim, could not support a compulsory reference of the issues, unless plaintiff's cause of action was admitted, or was itself referable in its nature.

And as such was the law at the time of the adoption of the Constitution in 1777, it follows that in such cases its guaranty of trial by jury requires that the words " on either side " in the section of the Code referring to compulsory references (§ 1013), be construed with this implied limitation. But in reaching such conclusion the courts have from time to time used more comprehensive language than was required to assert that a cause cannot be compulsorily referred when a non-referable cause of action is put in issue, by an answer, which, at the same time sets up a counterclaim involving a long

account, and have said that plaintiff's right to a jury trial in such cases "cannot be taken away or destroyed by anything which the defendant may set up in his answer." (*Steck* v. *C. F. & I. Co.*, 142 N. Y. 251.)

The courts have not said, nor have they intended to be understood as saying, that the answer could not be looked at in any case for the purpose of determining whether the action be referable.

Of necessity it must be examined for that purpose. The cause of action set up in a complaint may, upon its face, involve a long account, but it is not referable unless the items of the account are put in issue.

And this can only be determined by an examination of the answer. So, we apprehend, if the cause of action set up in a complaint appears on its face to be non-referable, yet if the defense interposed to such cause of action shows that the trial of that isssue will necessarily involve a long account, a compulsory reference may be ordered.

It is true that under these pleadings all the plaintiffs will be required to do upon the trial will be to produce the note and compute the interest, in order to establish a *prima facie* case. But that fact in no wise tends to prove that a long account is not involved.

It relates to the order of proof solely. Upon the plaintiffs rest the burden of proving a valuable consideration.

The production of the note, by the presumption of the law, accomplishes that result in the first instance, yet, when the defendant has offered evidence in rebuttal of this presumption, the burden rests upon the plaintiffs of sustaining, by further proof, the allegation of value. And when the tribunal which is to pass upon the evidence approaches its consideration, it does so with the rule of law in mind and controlling its action, that the burden of establishing the consideration rested upon the plaintiff throughout the trial, and that from all the evidence it must appear that he has met that burden in order to entitle him to recover. (*Farmers' Loan & Trust Co.* v. *Siefke*, 144 N. Y. 354–359.)

The issues presented by these pleadings must be tried, in order that the plaintiffs may sustain the cause of action alleged in their complaint. It appears that while the action is not brought upon an

account, the trial of such issues will necessarily directly involve the examination of a long account. And, that being so, we think the cause is referable.

The order should be affirmed, with ten dollars costs and printing disbursements.

Van Brunt, P. J., and O'Brien, J., concurred.

Order affirmed, with ten dollars costs and disbursements.