AMES et al. v. FRENCH.

(Supreme Court, Appellate Division, First Department. May 22, 1903.)

1. REFERENCE—SUIT ON ACCOUNT STATED—DEFENSE OF FRAUD—COUNTERCLAIM —LONG ACCOUNT.

Code Civ. Proc. § 1013, authorizes a compulsory reference where the trial will require the examination of a long account on either side, etc. *Held*, that a suit by stockbrokers on an account stated, in which defendant pleaded fraud in the account and a counterclaim for moneys advanced for margins, and prayed an accounting and judgment for what might be found due him, was a proper subject for compulsory reference on plaintiff's motion.

Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Frederick F. Ames and another against Hamline Q. French. From an order directing a reference, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Welton C. Percy, for appellant.
James P. Niemann, for respondents.

INGRAHAM, J. The action is upon an account stated, the complaint alleging that the plaintiffs were stockbrokers in the city of New York; that on or about the 14th day of May, 1901, an account was stated between the plaintiffs and the defendant, a copy whereof is annexed to the complaint; that upon such statement a balance of $15,500.33 was found due to the plaintiffs from the defendant. The account attached to the complaint shows a dealing in various stocks, aggregating an amount of over $236,000, with a balance in favor of the plaintiffs, for which the action is brought. In answer to this alleged statement of account the defendant alleges that "the pretended

statement of account referred to in the complaint is fictitious, false, and fraudulent; that the alleged debit balance of $158,643.73, with which said account begins, was not a true statement of the indebtedness existing at the date thereof in favor of the plaintiffs against this defendant, and that a large part of the alleged purchases and sales therein set out were merely fictitious and pretended transactions, and were never in fact made by the plaintiffs for this defendant, or upon his order"; and as an additional answer and defense and as a counterclaim the defendant alleges that during the years 1899 to 1901, inclusive, the defendant employed the plaintiff Ames as his agent and broker to make purchases and sales of stocks and securities for him, and from time to time gave him orders to make such purchases and sales; that during said period the defendant deposited with and intrusted to the plaintiff Ames, as such agent, large sums of money, amounting to upwards of $14,000, to secure the plaintiffs against loss, and that such sums were received by Ames in trust for the purpose above set out; that the plaintiff Ames did not execute a large part of the orders given to him by the defendant, and did not buy and sell the stocks designated, but only pretended to do so, and from time to time falsely and fraudulently represented to the defendant that he had executed such orders, and had bought and sold the stocks and securities as directed; that during the period referred to the plaintiff Ames from time to time rendered to the defendant reports and statements of such pretended transaction, but that the same were false and fraudulent, and contained records and reports of pretended purchases and sales ordered by the defendant to be made, but which had never in fact been made, and false charges for commissions and interest claimed to have been earned and to be due from the defendant to the plaintiff, which were not in fact earned or due; that a large part of such pretended purchases and sales were made, if at all, directly from and to the plaintiff Ames, in violation of his duty as this defendant's agent; and that the defendant relied upon the accounts, reports, and statements received by him until after the 14th day of May, 1901. Wherefore the defendant prays judgment that the plaintiffs be required to account to the defendant for all matters relating to the transactions of the plaintiffs, or either of them, as agents and brokers for the defendant, between February, 1899, and the 15th day of May, 1901, and for all moneys paid over to them, or either of them, by him during the said period, and for the value of all stocks purchased for his account and still remaining unsold, and for the proceeds of all stocks which were in fact purchased and sold for the account of the defendant and upon his order, and that they be required to pay over to the defendant all sums found due to him upon such accounting; and for such other and further relief in the premises as may be just and equitable.

The plaintiffs, in reply, substantially deny the allegations of the answer constituting a counterclaim. Upon the pleadings and upon an affidavit of one of the plaintiffs, which stated that the trial of these issues would require the examination of a long account on the side of both parties, consisting of a large number of items of charges and credits of various dates, which was not denied, the plaintiffs made a

motion that the issues be referred to a referee to hear and determine. The action being thus upon an account stated, the plaintiffs' cause of action would be made out by proving the statement of the account. The defendant, however, attacks the account as having been false and fraudulent, alleging that the amount claimed is not in fact actually due, and that the reports and statements upon which the accounts between the parties were accepted by the defendant contained false and fraudulent representations. This is a direct attack upon the correctness of the account rendered by the plaintiffs, and upon which the action is brought; and it is quite evident that, to determine the issues presented by the pleadings, in order to show that the statement of the account relied upon by the plaintiff was one based upon a false and fraudulent statement of accounts, the accounting asked for by the defendant will be necessary. Such an accounting for which the defendant asks, and which will be necessary to determine the issues raised by the pleadings, is thus the real issue that is presented, and it would seem to be quite evident that such an accounting will be impossible before a jury. The case is therefore brought within the provisions of section 1013 of the Code of Civil Procedure.

In Steck v. C. F. & I. Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67, the prevailing opinion, after an exhaustive examination of the authorities, says:

"This discussion, therefore, comes to this: If the plaintiff brings his action upon a long account, then it is such as was referable prior to 1777, and, as the examination of a long account is required on his side, the defendant cannot defeat a reference by anything he may set up in his answer by virtue of the statutes allowing set-offs and counterclaims. If the plaintiff's cause of action be upon contract for a definite sum of money, or for damages ex contractu, and his cause of action be not gainsaid by the defendant, and the defendant sets up a counterclaim, which requires the examination of a long account, then the case is such as would have been referable under the act of 1768. But if in such actions the plaintiff's cause of action be disputed, then a case is presented, which, prior to 1777, gave the parties the absolute right to jury trial, and that right cannot be taken away or destroyed by anything which the defendant may set up in his answer."

We think this case is within the second illustration cited—that the plaintiffs' cause of action is upon a contract for a definite sum of money, viz., an account stated. The defendant alleges that the acceptance of the accounts sued on was based upon fraud, and was not a true statement of the account between the parties, and asks that the plaintiffs be required to account for all of the property of the defendant received by them, and that for the amount found due to the defendant upon that accounting he have judgment. This conclusion is sustained by Irving v. Irving, 90 Hun, 422, 35 N. Y. Supp. 744, affirmed 149 N. Y. 573, 43 N. E. 987. That action was on a promissory note made by the defendant to the order of the plaintiff. The defendant, by the answer, denied that the promissory note was made for value, and alleged that it was without consideration, and denied that any sum of money was due and owing from the defendant. The answer then alleged various stock transactions between the parties out of which was rendered a false account against the defendant, for which he was induced to give the note in suit; and it was held that to determine the question as to whether this defense could be

sustained an accounting between the parties was necessary. The court then examined Steck v. C. F. & I. Co., supra, and held that, such an accounting being necessary, the trial of the issues would directly involve the examination of a long account, and therefore the action was referable. That opinion was written by Mr. Justice Parker, the present chief judge of the Court of Appeals, and concurred in by the presiding justice and Mr. Justice O'Brien, and was affirmed by the Court of Appeals, and has not been questioned.

We think, therefore, that the issues in this case were referable; that the taking of the account between the parties, upon which the defense is based, involves the examination of a long account that would be impracticable before a jury; and that the court properly ordered the issues referred. It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur, except VAN BRUNT, P. J., and McLAUGHLIN, J., who dissent.