RALPH M. SNELL, Respondent, *v.* NIAGARA PAPER MILLS, Appellant.

COMPULSORY REFERENCE. A compulsory reference will not be granted by reason of a counterclaim involving the examination of a long account, when the cause of action set out in the complaint entitles plaintiff to a jury trial, and the defense thereto puts in issue all of its material allegations. (*Steck* v. *Colorado F. & I. Co.*, 142 N. Y. 236, followed; *Irving* v. *Irving*, 90 Hun, 422; 149 N. Y. 573, distinguished.)

*Snell* v. *Niagara Paper Mills*, 126 App. Div. 921, affirmed.

(Argued November 10, 1908; decided November 24, 1908.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 26, 1908, which reversed an order of Special Term granting a motion for a compulsory order of reference.

The following questions were certified :

"*First.* Do the causes of action set out in plaintiff's complaint and the denials and defenses in the answer entitle plaintiff to a jury trial?

28

"*Second.* Did the court have jurisdiction to refer the issues in the first question to a referee, to hear, try and determine the same without the consent of plaintiff?

"*Third.* Did the court have jurisdiction to refer the issue arising on the counterclaim in defendant's answer to a referee to hear, try and determine the same without the consent of plaintiff, although all the other issues in the action were not referable?

"*Fourth.* Do the pleadings in this case present a difficult question of law within the meaning of section 1013 of the Code of Civil Procedure?

"*Fifth.* Does the issue arising on the counterclaim in this action involve the examination of a long account within the meaning of section 1013 of the Code of Civil Procedure?

"*Sixth.* Do the issues arising on the cause of action set out in the complaint and the denials and defenses set out in the answers involve an examination of a long account within the meaning of section 1013 of the Code of Civil Procedure?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Desmond* for appellant. The first question certified to this court by the Appellate Division should be answered in the negative, because it affirmatively appears by the papers on this appeal that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items and give it the proper weight and application when they retire to deliberate upon their verdict. (*Hill* v. *Reynolds*, 119 App. Div. 689.) The second question certified to this court by the Appellate Division should be answered in the affirmative, because the pleadings in the action, leaving the counterclaim out of consideration, authorize a compulsory order of reference. (*Irving* v. *Irving*, 90 Hun, 422; 149 N. Y. 573; *Hay* v. *Boyle*, 22 Misc. Rep. 155; *Price* v. *Parker*, 44 Misc. Rep. 582; *Ames* v. *French*, 83 App. Div. 452; *Rowland* v. *Rowland*, 141 N. Y. 485.)

*Abner T. Hopkins* for respondent. The first question should be answered in the affirmative, for the reason that no cause is shown why plaintiff should be deprived of his right to a jury trial. (Const. of N. Y. art. 1, § 2; *Whitwell* v. *Willard*, 42 Mass. 216; *Nelson* v. *Posey Co.*, 105 Ind. 287; *Purvis* v. *Kroner*, 23 Pac. Rep. 260; *Richardson* v. *Wingate*, 10 West. L. J. 145; *Turgeon* v. *Cote*, 33 Atl. Rep. 787; *McWilliams* v. *Allen*, 45 Mo. 573; *P. Nat. Bank* v. *S. M. P. Co.*, 60 N. W. 981; *Freeman* v. *A. M. Ins. Co.*, 13 Abb. Pr. 124; *Van Rensselaer* v. *Jewett*, 6 Hill, 373; *Welch* v. *Darragh*, 52 N. Y. 590.) The court did not have jurisdiction to refer the issues without the consent of the plaintiff; therefore, the second certified question should be answered in the negative. (*Hill* v. *Reynolds*, 189 N. Y. 558.)

GRAY, J. The question, which we are to pass upon, is whether, although the cause of action alleged in the complaint is not referable, the action is made so by the answer. At the Special Term, a reference of the issues was ordered over the objection of the plaintiff. At the Appellate Division the order of reference was reversed and the defendant's motion therefor was denied. Leave was, then, given to the defendant to appeal to this court.

The complaint contains two causes of action. The first is based upon the failure of the defendant to pay a balance of salary due to the plaintiff under a contract for his services. For a second cause of action, the plaintiff sets forth that, under a written contract with the defendant, his services were engaged by the latter as the superintendent of its paper mills, for one year, at a stated salary; that, in the event that he demonstrated his ability to fill such position, his employment was to continue thereunder for a further period of two years, at a stated increase of salary, and that he performed all the requirements of his position, but was discharged, after the expiration of the first year, wrongfully and in violation of the contract. Judgment was demanded in damages. The defendant's answer, admitting the performance by plaintiff of

services as superintendent for the first year, denied the making of the contract alleged; pleaded payment in full and, also, that plaintiff had not performed the requirements of his position. It set forth the making of representations by the plaintiff as to his competency and qualifications; that he was incompetent and was not qualified to do the work of superintending; that much of the product, manufactured by the defendant during the time of plaintiff's service, was worthless and that a large quantity of paper had to be remanufactured. Upon the basis of these allegations, made by way of a defense to the action, and as separately stated and set up by way of counterclaim, judgment was demanded against the plaintiff for damages in a certain sum.

Clearly, the causes of action alleged in the complaint, in no sense, involved the examination of an account and they were not referable, unless a reference were consented to by both parties. The contention of the defendant, however, is that, because its counterclaim will involve a long examination of documents, of witnesses and of specimens of its products, in order to establish its claim of damage sustained from the plaintiff's lack of ability as superintendent, the action may be compulsorily referred. Assuming that the examination required to establish the facts set up by way of counterclaim is such an examination as the statute contemplates, when providing for a compulsory reference, nevertheless, the referability of the cause of action set up by way of counterclaim would not confer any jurisdiction to refer the plaintiff's cause of action without his consent. The plaintiff's cause of action is for the breach of an alleged contract for his services. The answer puts in issue all the material allegations of the complaint. The issue of contract, or no contract, is made and the defendant seeks to offset a possible recovery by the plaintiff, by setting up an independent claim for damages occasioned by incompetent services. On the issue made upon the contract, the plaintiff was entitled to a trial by jury at common law, and that right has been preserved to him by the Constitution of the state and is inviolate. Whatever the counterclaim involved

in the nature of proof, it would not affect the proof requisite to establish the plaintiff's case. The question presented does not differ from that discussed in the case of *Steck* v. *Colorado F. & I. Co.*, (142 N. Y. 236); upon the authority of which the Appellate Division has reversed the order of reference. In that case, the action was for, substantially, the same cause as the present one. The opinion of Judge EARL is an elaborate historical discussion of the question whether such an action could have been referred prior to, and at the time of, the first State Constitution; which provided that "trial by jury, in all cases in which it has heretofore been used in the colony of New York, shall be established and remain inviolate forever." Upon a consideration of the colonial laws and of the revised laws, and upon the decisions of this court, the conclusion was reached that, if the plaintiff's cause of action be upon contract for a definite sum of money, or for damages *ex contractu*, and the cause of action be disputed, then there is an absolute right to a jury trial, which could not be taken away, or destroyed, by anything which the defendant might set up in answer. The dissenting opinion that the provisions of section 1013 of the Code of Civil Procedure were operative, which authorize a reference where the examination of a long account was involved on either side, was not adopted. In the case of *Untermyer* v. *Beinhauer*, (105 N. Y. 521), which was cited in support of our conclusion in the *Steck* case, the cause of action alleged in the complaint was for the recovery of unliquidated damages for the breach of a contract, in no sense, involving an account and the answer contained a counter-claim, which did require the examination of a long account. It was held, in an opinion written by Judge RAPALLO, that, as the cause of action was not referable, it could not be made so by the counterclaim.

The case of *Irving* v. *Irving*, (90 Hun, 422), which was affirmed in this court, upon the opinion of the General Term, (149 N. Y. 573), and upon the authority of which there was a dissent in the Appellate Division, in no respect, disturbed our conclusion in *Steck* v. *Colorado F. & I. Co.*, and does not

affect its authority. In *Irving* v. *Irving*, the complaint was
upon a promissory note of the defendant and it was alleged
that it was made and delivered for value received, and that
the amount thereof was due. The answer denied that the
note was made for value and alleged that it was without
any consideration. The issue was upon the question of
whether there was any consideration for the note and whether
anything was due upon it. Of course, if there was nothing
due upon it, the plaintiff had no cause of action and, only in
that sense, was the plaintiff's cause of action gainsaid. In
holding that a compulsory reference might be ordered of the
issues in the action, it was pointed out that the decision in *Steck*
v. *Colorado F. & I. Co.* did not cover the question and that a
long account would be involved in the issue, as to whether
the note was given without consideration. It was observed
that in *Steck's* case " the counterclaim was a distinct and inde-
pendent cause of action and the fact that it involved the long
account did not make it an element in the proof of the plain-
tiff's cause of action." The authority of *Steck* v. *Colorado F.
& I. Co.* was not disputed and, in commenting upon the differ-
ence between the cases, it was said that there the question was
" whether the fact that the trial of the counterclaim might
involve an examination of a long account would justify a
compulsory reference of the issues where the plaintiff's cause
of action was controverted and non-referable." In affirming
*Irving* v. *Irving*, what we upheld was the jurisdiction of the
court to order a compulsory reference of the issues in a case
where, although the cause of action set up in the complaint
appears on its face to be non-referable, the defense interposed
thereto shows that the trial of that issue will, necessarily, involve
a long account. In this case, there is an absolute denial of
the contract, upon which the plaintiff rests his cause of action,
and the counterclaim alleged constituted a distinct and
independent cause of action.

For these reasons, I advise the affirmance of the order
appealed from.

The court below has certified a number of questions to this

court; some of which are impertinent to the determination to be reviewed. The actual question presented below was whether a compulsory reference of the issues might be ordered. Therefore, only the first two of the six questions certified require to be answered. To the first question, " Do the causes of action set out in plaintiff's complaint and the denials and defenses in the answer entitle plaintiff to a jury trial ? ", we answer, yes. To the second question, " Did the court have jurisdiction to refer the issues in the first question to a referee, to hear, try and determine the same without the consent of plaintiff ? ", we answer, no.

Cullen, Ch. J., Haight, Vann, Willard Bartlett, Hiscock and Chase, JJ., concur.

Order affirmed, with costs.