BERRY et al. v. MALDONADO & CO., Inc.

(City Court of New York, Special Term. November, 1908.)

REFERENCE (§ 8*)—COMPULSORY REFERENCE—GROUNDS.

    Where defendant's answer brings into the action by counterclaim the examination of a long account, which refers to matters mentioned in the complaint a compulsory reference is proper.

    [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. § 8.*]

Action by William H. Berry and another against Maldonado & Co., Incorporated. Motion for a compulsory reference. Motion granted.

Katz & Sommerich, for plaintiffs.

Franc, Neuman & Newgass, for defendant.

DONNELLY, J. This is a motion for a compulsory reference on the ground that the action involves a long account. The motion is opposed by the defendant, who claims that under the decision in the case of Steck v. C. F. & I. Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67, the question of whether or not a reference can be had without consent of both parties must be determined from an examination of the complaint alone.

The rule in the Steck Case, supra, if not modified, has been limited strictly to the case where the complaint does not set forth a cause of action which is referable and the counterclaim is entirely independent of the facts alleged in the complaint. Irving v. Irving, 90 Hun, 422, 35 N. Y. Supp. 744; Ames v. French, 83 App. Div. 452, 82 N. Y. Supp. 452; Price v. Parker, 44 Misc. Rep. 582, 90 N. Y. Supp. 98. Under these recent decisions the rule seems to be that when the defendant's answer brings into the action the examination of a long account, and that long account refers to matters mentioned in the complaint, and not to extraneous causes of action, then a reference may be properly ordered. As it appears from the pleadings that the facts set forth in the counterclaims are in reference to at least a part of the goods, wares, and merchandise mentioned in the complaint, and for the price of which the plaintiff seeks recovery herein, the rule laid down in the last-mentioned cases governs, and a compulsory reference is proper.

Motion for reference granted. Jacob Fromme, Esq., named as referee. Submit order on one day's notice.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes