HOWARD E. GREIMS, Plaintiff, *v.* UTICA GAS AND ELECTRIC COMPANY, Defendant.*

(Supreme Court, Kings Special Term, November, 1919.)

*Code of Civil Procedure,* § 1013 — *compulsory reference* — *action to recover for services rendered and numerous disbursements.*

MOTION for the appointment of a referee.

Goldsmith, Cohen, Cole & Weiss, for plaintiff.

Lewis, Foley & Foley, for defendant.

BENEDICT, J. This is a motion for a compulsory reference of the issues under section 1013 of the Code of Civil Procedure. The complaint alleged the rendition of services by the plaintiff to the defendant during the period between March 23, 1915, and April 30, 1917, and it is alleged that, at defendant's request, he paid out and incurred liability to pay expenses in connection with

---

*Affirmed by the Appellate Division, Second Department, February 27, 1920, on the opinion below.— [REPR.

the services in the sum of $11,101.61, and that the defendant promised to pay said sum, together with a reasonable sum for the plaintiff's services. It further alleged that the services of the plaintiff were reasonably worth the sum of $67,515 and asked judgment for a total of $78,516.61. The plaintiff served a bill of particulars comprising over six pages closely written, stating the disbursements which the plaintiff claimed to have made, and more than three pages of different services rendered. It also states in the first paragraph that the plaintiff was requested to render the services stated in the complaint on November 7, 1913, at New York city; between November 7 and December 17, 1913, at Utica; at New York city on January 13, 1914; at numerous times and constantly at Utica, and at the city of New York between April 7, 1915, and April 1, 1917. In the seventh paragraph of the bill it is stated that the employment of the plaintiff was originally in writing on January 13, 1914, and that it was thereafter modified orally by requests of the defendant to do other and further work in connection with his original undertaking whereby plaintiff's compensation was to be the reasonable value thereof. The defendant has interposed a defense to the plaintiff's claim alleging the payment between January 13, 1914, and the commencement of the action of sums aggregating $28,616.28. It also alleges, by way of counterclaim, breach of a contract for a part of the work upon which the plaintiff sues, and it demands damages in the sum of $112,799.74, of which $12,799.74 represented moneys alleged to have been expended by the defendant in completing the work alleged to have been left unperformed by the plaintiff in connection with the plaintiff's contracts. While it is true that the question whether a compulsory reference can be ordered under section 1013 must be determined from the complaint (*Snell* v. *Niagara Paper Mills*, 193 N. Y. 433), it has also been held that even where the cause

of action alleged in the complaint appears upon its face to be non-referable, yet if the defense interposed to it shows that the trial of the issue thus presented will necessarily involve a long account, a compulsory reference may be ordered. *Irving* v. *Irving,* 90 Hun, 422; affd., 149 N. Y. 573. It is true that in actions where only one employment is alleged in the complaint the court will not grant a compulsory reference of the issues, even though there may be many items of services rendered in the one employment. See *Pace* v. *Amend,* 164 App. Div. 206; *Smith* v. *London Assurance Corp.,* 114 id. 868. But this rule does not appear to apply to the present case, for the reason that a number of employments are alleged by the complaint as amplified by the bill of particulars, and for the further reason that the account embraces a very great number of items of disbursements, each one of which must be proved separately. For these reasons I think the motion for reference should be granted.

Motion granted, with ten dollars costs.