HARRY M. SCHAFFER, Respondent, *v.* CITY BANK FARMERS TRUST COMPANY, Appellant, Impleaded with Another.

(Argued November 21, 1935; decided January 7, 1936.)

*Neile F. Towner, William Harvey Reeves* and *Lester Kissel* for appellant. Trial of the action required the examination of a long account and was properly referred under section 466 of the Civil Practice Act. (*Spence* v. *Simis,* 137 N. Y. 616; *Cassidy* v. *McFarland,* 139 N. Y. 201; *Brooklyn Public Library* v. *City of New York,* 240 N. Y. 465; *White* v. *Bank of Angola,* 130 Misc. Rep. 99; *Viets* v. *Union Nat. Bank,* 101 N. Y. 563; *Van Alen* v. *American Nat. Bank,* 52 N. Y. 1; *Parks* v. *Knickerbocker Trust Co.,* 137 App. Div. 719; *France Milling Co.* v. *First Nat. Bank,* 138 App. Div. 645; *Place* v. *Chesebrough,* 63 N. Y. 315; *National Shoe & Leather Bank* v. *Baker,* 90 Hun, 277; 148 N. Y. 581; *Hill* v. *Reynolds,* 119 App. Div. 689; *Connor* v. *Jackson,* 53 App. Div. 323; *Weber & Co.* v. *Hearn,* 7 App. Div. 306; *Assets Realization Co.* v. *Lockwood,* 245 N. Y. 520; *Irving* v. *Irving,* 90 Hun, 422; 149 N. Y. 573; *People* v. *Wood,* 121 N. Y. 522.) Trial of the action does not require the decision of difficult questions of law. (*Schaffer* v. *City Bank Farmers Trust Co.,* 239 App. Div. 531; *White* v. *Bank of Angola,* 130 Misc. Rep 99; *National Shoe & Leather Bank* v. *Baker,* 90 Hun. 77; 148 N. Y. 581.)

*George B. Smith* for respondent. The trial of the action will not require the examination of a long account. (*Spence* v. *Simis,* 137 N. Y. 616; *Cassidy* v. *McFarland,* 139 N. Y. 201; *Steck* v. *Colorado F. & I. Co.,* 142 N. Y. 236; *Brooklyn Public Library* v. *City of New York,* 240 N. Y. 465; *Amsden* v. *Traders Nat. Bank,* 182 App. Div. 474; *Kings County Lighting Co.* v. *Woodbury,* 177 App. Div. 451; *Shipman* v. *Bank of New York,* 126 N. Y. 318; *Baldwin Bank* v. *Smith,* 215 N. Y. 76; *General Fire Assur. Co.* v. *State Bank,* 177 App. Div. 745; *Amsden* v. *Traders Nat. Bank,* 182 App. Div. 474; *Camp* v. *Ingersoll,* 86 N. Y. 433; *Morse* v. *Morse Drydock Co.,* 111 Misc. Rep. 715; 191 App. Div. 923.) The trial of the action will require

the decision of difficult questions of law. (*German Sav. Bank* v. *Friend,* 61 N. Y. Super. Ct. 400; *Clark* v. *Saugerties Sav. Bank,* 62 Hun, 346; *Lund* v. *Seamans Bank,* 23 How. Pr. 258; *Parks* v. *Knickerbocker Trust Co.,* 137 App. Div. 719; *New York Trust Co.* v. *Braham,* 126 Misc. Rep. 462; *American Defense Society* v. *Sherman Nat. Bank,* 225 N. Y. 506; *Schoen* v. *Security Bank,* 81 Misc. Rep. 173; *Spiegel Realty Corp.* v. *Gotham Nat. Bank,* 121 Misc. Rep. 547; *De Witt* v. *Walter,* 9 N. Y. 571; *Briggs* v. *Partridge,* 64 N. Y. 357; *Bank of N. Y. N. D. Assn.* v. *A. D. & T. Co.,* 143 N. Y. 559; *Porges* v. *U. S. Mortgage & Trust Co.,* 203 N. Y. 181; *Claflin* v. *Farmers' & Citizens' Bank,* 25 N. Y. 293; *Voltz* v. *Blackmar,* 64 N. Y. 440.)

HUBBS, J. The appeal in this case was permitted by the Appellate Division of the third department which has certified to us the following question: " Is this action properly referable under section 466 of the Civil Practice Act? "

That section reads in part:

" § 466. Compulsory reference. The court, of its own motion, or upon the application of either party, without the consent of the other, may direct a trial of the issues of fact, by a referee, where the trial will require the examination of a long account on either side and will not require the decision of difficult questions of law."

In a general way the complaint alleges that the bank account in question was opened by the respondent Harry M. Schaffer and the defendant Howard C. Lake; that the respondent at all times was and now is the owner of such bank account; that the signature card provided that the bank should honor checks when signed by the respondent only, and that there is a balance due upon that account of $15,879.14. The material allegations of the complaint are denied by the appellant's answer. The appellant as a defense and as a partial defense pleaded that the account has been paid in full or at least partially paid. That defense is based upon the fact that the bank paid out the money upon checks drawn by Pauline M. Schaffer, either

individually or as administratrix of the estate of her husband, Morris P. Schaffer, deceased. It was stipulated by the parties that evidence of that fact might be received without an amendment of the answer.

The claim of the appellant is that the bank account was opened in the name of Schaffer and Lake as a matter of convenience; that all of the funds in the account as a matter of fact belonged to Morris P. Schaffer, deceased, who during the time in question was a partner of the defendant Lake and the sole owner of the account standing in the name of Schaffer and Lake; that the respondent has no interest in the account and, therefore, is not entitled to recover against appellant. The defendant Lake does not claim any interest in the account.

The bank account was made up of various deposits and was drawn out by means of 56 checks. There is no contest about the date or amount of each deposit or the date or amount of each check. It is quite clear from the wording of the complaint that it does not allege a long account within the meaning of the statute and that the trial " will not require the decision of difficult questions of law."

The contention of the appellant is that the only way it has of proving its defense that the money did not belong to the respondent is by showing where the money came from which was deposited in each item of deposit and where the money went to and for what purpose drawn out by each check, and that to establish those facts will involve an examination of a long account within the meaning of the statute. A compulsory reference was granted at the Trial Term but the order was reversed by the Appellate Division.

The correct answer to the question certified can be determined by an examination of the three following cases: *Steck* v. *Colorado Fuel & Iron Co.* (142 N. Y. 236); *Irving* v. *Irving* (90 Hun, 422; affd., 149 N. Y. 573); *Snell* v. *Niagara Paper Mills* (193 N. Y. 433).

In the *Steck* case Judge EARL wrote the leading opinion upon the subject and traced the history of the practice

in this State from colonial days. It was there decided that where a complaint on contract was put in issue by the answer which also set up a counterclaim consisting of a long account, a compulsory reference could not be granted. After referring to the history of the statute and to many cases, he wrote: " This discussion, therefore, comes to this: If the plaintiff brings his action upon a long account, then it is such as was referable prior to 1777, and as the examination of a long account is required on his side the defendant cannot defeat a reference by anything he may set up in his answer by virtue of the statutes allowing set-offs and counterclaims. If the plaintiff's cause of action be upon contract for a definite sum of money, or for damages, *ex contractu*, and his cause of action be not gainsaid by the defendant, and the defendant sets up a counterclaim which requires the examination of a long account, then the case is such as would have been referable under the act of 1768. But if in such actions the plaintiff's cause of action be disputed, then a case is presented, which, prior to 1777, gave the parties the absolute right to jury trial, and that right cannot be taken away or destroyed by anything which the defendant may set up in his answer" (p. 250).

It will be noticed that the conclusions reached turn upon the question of whether a cause of action alleged in a complaint *is denied by the answer*. If so and the cause of action alleged does not involve a long account, then a defendant cannot make the action one in which he is entitled to a compulsory reference by anything which he may set up in his answer. However, if a cause of action on contract alleged in a complaint is not denied in the answer but the answer pleads a counterclaim or defense which requires the examination of a long account, a case is presented where a compulsory reference may be granted.

In the *Irving* case the action was on a promissory note. The answer alleged that the note was without consideration and denied that any amount was due on it. The answer set forth without being labeled either as a counter-

claim or set-off certain facts involving stock transactions out of which it was alleged that a false account against the defendant was created for which it was induced to give the note in suit. It was held that although the cause of action set out in the complaint was non-referable, nevertheless, the facts set out in the defendant's answer would require evidence in regard to the stock transactions and would necessarily involve the examination of a long account; therefore, that a compulsory reference was proper. At first glance, it would seem that this case was in conflict with the *Steck* case. That case is distinguished, however, by the fact that the allegation of the complaint that the note was given by the defendant was not denied in the answer and Judge PARKER, writing for the General Term, pointed out that distinction.

In the *Snell* case the answer put in issue all the material allegations of the complaint and the defendant by answer sought to set off against a possible recovery by the plaintiff an independent claim for damages. This court decided that as the complaint did not set up a long account, the plaintiff was entitled under the Constitution to a trial by jury, and as the answer denied the allegations of the complaint, a compulsory reference could not be granted although the answer set up a long account. Judge GRAY, writing for the court, said, referring to the *Steck* case: " The conclusion was reached that, if the plaintiff's cause of action be upon contract for a definite sum of money, or for damages *ex contractu*, and the cause of action be disputed, then there is an absolute right to a jury trial, which could not be taken away, or destroyed, by anything which the defendant might set up in the answer " (p. 437).

Referring to the *Irving* case, he pointed out that the answer in that case did not deny the material allegations of the complaint. He then said that the decision in the *Irving* case " in no respect, disturbed our conclusion in *Steck* v. *Colorado F. & I. Co.* [142 N. Y. 236]. * * * In affirming *Irving* v. *Irving*, what we upheld was the jurisdiction of the court to order a compulsory reference

of the issues in a case where, although the cause of action set up in the complaint appears on its face to be non-referable, the defense interposed thereto shows that the trial of that issue will, necessarily, involve a long account. In this case, there is an absolute denial of the contract, upon which the plaintiff rests his cause of action, and the counterclaim alleged constituted a distinct and independent cause of action."

The decision by the General Term in the *Irving* case, as explained in the *Snell* case, was simply that a compulsory reference could be granted as the answer did not deny the material allegations of the complaint but did set up facts in defense which necessitated the examination of a long account.

The results of those decisions are that where a complaint alleges a non-referable cause of action upon contract and the answer *denies* the cause of action alleged in the complaint and sets up by way of counterclaim or defense facts which will lead necessarily to the examination of a long account, a compulsory reference cannot be granted.

On the other hand, where a complaint alleges a non-referable cause of action on contract and the answer does not deny the cause of action alleged and sets up facts either by way of counterclaim or defense which will necessarily involve the examination of a long account, a compulsory reference may be granted. In this case the complaint set up a non-referable cause of action on contract. The answer denied the material allegations of the complaint. Therefore, a compulsory reference was improperly granted although the appellant under the answer would be required to prove facts which would constitute a long account.

The order should be affirmed, with costs, and the question certified answered in the negative.

Crane, Ch. J., Lehman, Crouch, Loughran and Finch, JJ., concur; O'Brien, J., not sitting.

Order affirmed, etc.