DICKINSON C. RICHARDS, Respondent, *v.* ELLIS M. BLACK, Appellant.

First Department, March 25, 1937.

*Charles D. Lewis,* for the appellant.

*Samuel L. Scholer* of counsel [*Natanson, Pack & Scholer,* attorneys], for the respondent.

McAVOY, J. Both parties now here are physicians. Prior to the commencement of this cause they entered into an arrangement whereby plaintiff was to attend patients at defendant's request. In February, 1929, the arrangement was terminated and defendant accounted to plaintiff. In December, 1929, a new arrangement for similar attendance and service was made. Pursuant thereto, from December, 1929, to November, 1934, plaintiff attended numerous patients of defendant. It is alleged that defendant collected for plaintiff's account approximately $8,600, of which only $950 has been paid, leaving a balance of $7,650. This action is brought to recover the sum thus alleged to be due. Both parties

demanded a jury trial. The case was ready for trial and assigned to a Trial Term of the court held by a judge and jury for trial. Plaintiff was sworn as a witness, and then the court of its own motion dismissed the jury and directed a trial of the cause before an official referee on the ground that the trial involved an examination of a long account.

We find that the trial court committed reversible error in ordering a trial of this suit before a referee, as this is a contract cause in which a jury trial is imperative unless waived by the parties.

While the plaintiff to prove his cause will be required to examine and present hundreds of defendant's record cards, nevertheless section 466 of the Civil Practice Act, which provides that " The court, of its own motion, or upon application of either party, without consent of the other, may direct a trial of the issues of fact, by a referee, where the trial will require the examination of a long account on either side and will not require the decision of difficult questions of law," does not authorize a trial by referee where a trial by jury of the precise type of action was a matter of right prior to the year 1777 (adoption of first constitutional provision for jury trial). We think, therefore, that this trial is not referable.

In *Schaffer* v. *City Bank Farmers Trust Co.* (269 N. Y. 336) the authoritative ruling was that an action of this character may not be subjected to a compulsory reference and the parties deprived of a jury trial, where such trial has been preserved inviolate.

The order should be reversed, with twenty dollars costs and disbursements, and the cause remitted to Trial Term, Day Calendar, for the first Monday of April next for jury trial.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the cause remitted to the Trial Term, Day Calendar, for the first Monday of April next for jury trial.