SAMUEL W. MEISEL, Appellant, v. SPIELMAN MOTOR SALES CO., INC., and SPIELMAN CHEVROLET CORP., Respondents.— Plaintiff sued two defendants, each on three separate causes of action. The causes of action against one of the corporations did not involve an examination of a long account. Two of the causes of action against the other defendant were for services rendered in each of two successive years, the compensation being one per cent of the total of the F. O. B. prices of all new automobiles sold and delivered by said defendant during each year, provided said defendant's business during each of the years showed a profit;

and the third cause of action against that defendant was for services rendered for a term commencing November, 1936, and ending October, 1937, for which plaintiff was to be paid one per cent of the total of F. O. B. prices of all new cars sold and delivered during the year, provided defendant's business showed a profit of $20,000 or more and, in the event it was operated at no profit or at a profit of less than $20,000, plaintiff was to receive one-half of one per cent of the total of F. O. B. prices on all new cars sold and delivered by defendant. Plaintiff alleges that part of the services were paid for and that there is a balance due. Defendants denied the contracts and set up as defenses an account stated, payment, and accord and satisfaction, discharge for cause, and counterclaims for moneys loaned. The court of its own motion directed a reference on the ground that an examination of a long account was involved. (Civ. Prac. Act, § 466.) There is nothing in the record which shows that plaintiff's causes of action involved the examination of a long account. Such causes of action would be established by the figures in defendant Spielman Chevrolet Corp.'s books which, in so far as the record shows, were the only available source of information for him. This would not involve the statement of a long account. The primary issue is the existence of the contracts as alleged by plaintiff. In such case, even if defendant Spielman Chevrolet Corp.'s defenses and counterclaims involve a long account, the action would not be referable. (*Schaffer* v. *City Bank Farmers' Trust Co.*, 269 N. Y. 336.) " Ordinarily where on the trial of an action at law it is necessary to examine books of account to determine the profits of a business and to ascertain therefrom the amount to which the plaintiff claims to be entitled, the issues are not referable; but in exceptional cases where it is shown to be impossible for a jury to intelligently determine the issues on account of the accounting by which the amount owing is to be determined, the issues may be referred. * * * The burden of showing this, however, is on the party moving for the reference." (*Konheim* v. *Harris*, 148 App. Div. 238, 240.) This is not such an exceptional case. Order referring action to an official referee to hear and determine reversed on the law, with ten dollars costs and disbursements. Lazansky, P. J., Hagarty, Carswell and Johnston, JJ., concur; Adel, J., not voting.